UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,<br><br>   Defendants. | Case No. 24-cv-05684-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEAL PORTIONS OF PROPOSED SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 33 |

Plaintiffs filed this putative class action alleging employment discrimination by defendants Taiwan Semiconductor Manufacturing Co., TSMC North America Co. Ltd., TSMC Technology, Inc., TSMC Arizona Corporation and TSMC Washington, LLC (collectively, "TSMC" or "defendants"). According to the operative first amended complaint, TSMC engages in an "intentional pattern and practice of employment discrimination against individuals who are not of East Asian race, not of Taiwanese or Chinese national origin, and who are not citizens of Taiwan or China, including discrimination in hiring, staffing, promotion, and retention/termination decisions." Dkt. No. 20 ¶ 1. Additionally, plaintiffs allege that "TSMC routinely subjects non-East Asians (including those who are not of Taiwanese or Chinese descent) to a hostile work environment where verbal abuse, gaslighting, isolation, and humiliation is common, and oftentimes leads to the constructive discharge of these employees." *Id*. ¶ 2. Plaintiffs assert class claims under 42 U.S.C. § 1981 for race discrimination, disparate treatment, and a hostile work environment, and under 42 U.S.C. § 2000e-2 for disparate treatment, disparate impact, and a hostile work environment. Certain plaintiffs also assert individual claims for retaliation under 42 U.S.C. § 1981 and/or 42 U.S.C. § 2000e-2. *See id*. ¶¶ 183-223.

1    Plaintiffs intend to move for leave to file a second amended complaint ("SAC"). Presently before the Court is TSMC's administrative motion for an order requiring plaintiffs to file portions of their proposed SAC—specifically, paragraphs 204, 210, 240, 247, 248, 250, 251, 254, 258, 280, 288, 299, 318, 321, and 327—under seal from the public record. Dkt. No. 33. Plaintiffs oppose the sealing motion. Dkt. No. 34. The matter is deemed suitable for determination without oral argument. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court grants in part and denies in part TSMC's motion to seal portions of plaintiffs' proposed SAC.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.*; *see also Ctr. for Auto Safety v. Chrysler Grp., LLC3*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016) (same). However, courts must "balance the competing interests" of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d 1179 (cleaned up; quotations and citation omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quotations and citations omitted). Decisions regarding access to judicial records are "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Parties seeking to seal judicial records that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1178-79 (quotations and citations omitted). Because a complaint is the pleading on which an action is based, courts in this District apply the "compelling reasons" standard to motions to seal pleadings. *See In re NVIDIA Corp. Derivative Litig.*, No. 06-cv-06110 SBA, 2008

United States District Court
Northern District of California

1   WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual

2   pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a

3   suit arises and must be disposed of."); *see also, e.g., Richards v. Centripetal Networks, Inc.*, No.

4   24-cv-01065 HSG, 2024 WL 4654439, at *3 (N.D. Cal. Oct. 31, 2024) (citing cases); *Sjostrom v.*

5   *Kraatz*, No. 16-cv-01381 DMR, 2016 WL 3940886 (N.D. Cal. July 21, 2016) (same).

6   Additionally, this District's Civil Local Rules make clear that "[o]nly in rare circumstances should

7   a party seek to file portions of a pleading or brief under seal." Civil L.R. 79-5(e).

8          TSMC contends that sealing portions of the proposed SAC is warranted, arguing that the

9   pleading is "full of lurid, fabricated stories with no relevance to [plaintiffs'] legal claims and for

10  the purposes of promoting public scandal and defaming TSMC." Dkt. No. 33 at ECF 2. TSMC's

11  principal argument is that the challenged allegations are tangential (or irrelevant) to plaintiffs'

12  discrimination claims and that including them in the public version of the SAC will only serve to

13  confuse and mislead the public, rather than enhance the public's understanding of the judicial

14  process. Dkt. No. 33 at 5. In addition, TSMC argues that plaintiffs have not yet been given leave

15  to file the SAC and, if amendment is permitted, TSMC will move to strike the challenged

16  allegations under Rule 12(f). *Id.* Finally, TSMC argues that the challenged allegations in the

17  proposed SAC pose a risk of injury to TSMC and, by extension to the United States, by virtue of

18  the fact that TSMC "manufactures over 90% of the world's leading edge logic chips," and

19  plaintiffs' allegations could result in disruption of TSMC's operations, thus undermining "the

20  United States' strategy of building on-shore capacity" for the production of these chips. *Id.* at 6.

21  Plaintiffs respond that the challenged allegations in the proposed SAC provide context and

22  examples of the way in which TSMC downplayed or ignored serious reports regarding safety or

23  misconduct in order to protect employees in TSMC's purported "preferred groups" or to mistreat

24  those employees outside those groups. Dkt. No. 34 at 4. They also contend that TSMC's

25  discussion of the potential harm to its operations and, potentially, to the United States' interests,

26  "weigh in the opposition direction," reflecting that plaintiffs allegations concern matters of great

27  public concern. *Id.* at 5.

28         The Court has carefully considered TSMC's arguments and the specific allegations

1 challenged in the proposed SAC.  With two exceptions, the Court concludes that TSMC has not
2 established compelling reasons to seal the challenged portions of the SAC.  "In general,
3 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing
4 court records exist when such 'court files might have become a vehicle for improper purposes,'
5 such as the use of records to gratify private spite, promote public scandal, circulate libelous
6 statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at
7 598).  However, "[t]he mere fact that the production of records may lead to a litigant's
8 embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
9 court to seal its records." *Id*. (citation omitted).  The Court expresses no views on the merits of
10 plaintiffs' anticipated motion for leave to amend or TSMC's anticipated motion to strike.
11 However, on the record presented, the Court concludes that plaintiffs have articulated a rational
12 basis for including the challenged allegations in the proposed SAC.  Only two of these challenged
13 allegations are of such a sensitive nature that sealing is warranted.  Paragraphs 204 and 210 of the
14 proposed SAC describe alleged sexual assaults.  While the alleged victims are not named, the
15 alleged perpetrators of the assaults are.  These alleged perpetrators are not parties to the action,
16 and the alleged assaults do not appear to be matters that are within the personal knowledge of any
17 plaintiff.  In response to TSMC's motion, plaintiffs offer no specific justification for the public
18 disclosure of these allegations, and the nature of the as-yet-unproved allegations of sexual assault
19 would likely to create serious reputational harm for the non-party alleged perpetrators.  *See*
20 *generally In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, No. 23-md-03084-CRB (LJC),
21 2024 WL 3211179, at *2 (N.D. Cal. Sept. 3, 2024).  TSMC has not offered compelling reasons to
22 seal any of the challenged allegations, which principally concern its business operations and
23 treatment of workers.
24       To the extent, TSMC separately asks that the Court order plaintiffs and their counsel to
25 refrain from commenting on the allegations in the proposed SAC, the Court denies the motion
26 with respect to any matters not under seal.  Plaintiffs and their counsel have a First Amendment
27 right to publicly discuss plaintiffs' allegations, as long as they do not violate rules that prohibit
28 disclosure of matters sealed by an order of the Court, the inclusion of matters in pleadings that do

1  not have a factual basis (*see* Fed. R. Civ. P. 11), libel/defamation laws, or standards that govern an
2  attorney's professional conduct, including this District's Guidelines for Professional Conduct[1] and
3  the Rules of Professional Conduct of the State Bar of California.
4        Accordingly, TSMC's motion to seal portions of plaintiffs' proposed SAC is granted as to
5  paragraphs 204 and 210 of the proposed SAC and denied as to the remainder.  If and when
6  plaintiffs file their motion for leave, they shall not file the allegations presently described in
7  paragraph 204 and 210 of the proposed SAC on the public docket, but must instead file these
8  allegations under seal.  As plaintiffs will be submitting their proposed SAC with their anticipated
9  motion for leave to amend, which may be revised to comply with both Civil Local Rule 10-1 and
10 this order, the present unredacted version of plaintiffs' SAC, filed as Exhibits A and B to TSMC's
11 sealing motion, shall remain under seal.
12 **IT IS SO ORDERED.**
13 Dated: February 26, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[1] https://cand.uscourts.gov/professional_conduct_guidelines