UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al., <br><br>　　　　　Defendants. | Case No.  24-cv-05684-VKD <br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS TO SEAL** <br><br>Re: Dkt. Nos. 49, 57 |

In connection with plaintiffs' motion for a temporary restraining order ("TRO"), plaintiffs and defendants move to seal portions of their respective briefs and supporting papers. The Court applies the "compelling reasons" standard to the pending sealing motions. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

**A.    Plaintiffs' Motion to Seal (Dkt. No. 49)**

Plaintiffs' motion to seal portions of their TRO motion and supporting papers regarding Ms. Bernardo's personal health information is granted. *See Hernandez v. Cnty. of Monterey*, No. 13-cv-02354-BLF, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal personal medical information). Accordingly, redacted portions of plaintiffs' TRO motion (Dkt. No. 49-2) at pages 1, 10, 13, and 14, as well as paragraphs 13 and 14 to Ms. Bernardo's supporting declaration (Dkt. No. 49-6),[1] shall remain under seal.

---

[1] Although plaintiffs' sealing motion also indicates that paragraph 16 of Ms. Bernardo's declaration should be sealed, that paragraph does not reflect or discuss Ms. Bernardo's health

1    Plaintiffs also move to seal portions of their TRO motion and supporting papers discussing

2    defendants' policies and other information that is discussed, referenced, or reflected in plaintiffs'

3    brief, as well as Exhibits 1, 3, and 6 to Mr. Kotchen's declaration.  With the exception of

4    information that the Court has already ordered sealed (*see* Dkt. No. 36), plaintiffs do not agree that

5    such information is sealable, but note that defendants may claim that the information is

6    confidential.  In their response (Dkt. No. 60), defendants request that redacted portions of text at

7    page 4, lines 19-25 and page 17, line 24 of plaintiffs' TRO motion remain under seal, as those

8    portions discuss alleged sexual misconduct by non-parties that the Court has already ordered

9    sealed (*see* Dkt. No. 36).  The request to seal those portions of the TRO motion is granted.

10   Accordingly, the redacted text appearing in the TRO motion (Dkt. No. 49-2) at page 4, lines 19-25

11   and page 17, line 24 shall remain under seal.

12   Defendants also request that pages 14, 15, and 18 of Exhibit 6 to Mr. Kotchen's

13   declaration remain under, stating that those pages reveal the name, personal contact information,

14   and educational and employment history of a non-party job applicant.  That request is granted.

15   *See Hernandez*, 2023 WL 4688522 at *4 (citing *Alegre v. United States*, No. 16-cv-2442-AJB-

16   KSC, 2021 WL 4934982, at *3 (S.D. Cal. July 19, 2021) (compelling reasons to seal private

17   information, "including names, dates of birth, and addresses.").  Accordingly, pages 14, 15, and 18

18   of Exhibit 6 to Mr. Kotchen's declaration (Dkt. No. 49-5) shall remain under seal.

19   Defendants otherwise confirm that they do not seek to have any other portions of the TRO

20   motion papers remain under seal.  Dkt. No. 60.  Accordingly, except as specifically set out above,

21   plaintiffs' motion to seal is denied.  To the extent any rulings in this order require plaintiffs to file

22   revised versions of documents that were previously provisionally filed under seal, they shall file

23   the revised documents by **May 5, 2025**.

24   **B.    Defendants' Motion to Seal (Dkt. No. 57)**

25   Defendants' motion to seal redacted portions of the transcript of Ms. Bernardo's interview,

26   appended as Exhibits B and C to Mr. Liu's declaration (Dkt. Nos. 57-3 and 57-4) is granted in part

28   information and has already been filed by plaintiffs on the public docket (*see* Dkt. No. 50-8).

United States District Court
Northern District of California

and denied in part. The motion is granted with respect to specific text revealing (1) the nature of the charges/investigation and (2) the identities of the particular individuals involved. The Court has already ordered that information to be filed under seal. *See* Dkt. No. 36. Defendants' motion to seal is otherwise denied. As this order requires defendants to file revised versions of documents that were previously provisionally filed under seal, they shall file the revised interview transcript by **May 5, 2025**.

**IT IS SO ORDERED.**

Dated: April 23, 2025

Virginia K. DeMarchi
United States Magistrate Judge

3