UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,<br><br>              Defendants. | Case No. 24-cv-05684-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 37 |

In this putative class action lawsuit, in which certain plaintiffs also assert individual claims for relief, plaintiffs move for leave to file a second amended complaint. Plaintiffs' motion seeks (among other things) to add fifteen new named plaintiffs[1], including individual claims for relief for some of those fifteen proposed new plaintiffs. Defendants Taiwan Semiconductor Manufacturing Co. Ltd., TSMC North America, TSMC Technology, Inc., TSMC Arizona Corporation, and TSMC Washington, LLC (collectively, "TSMC" or "defendants") do not oppose the motion with respect to amendments concerning the existing thirteen named plaintiffs. However, defendants oppose plaintiffs' motion to amend in all other respects. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court (1) grants plaintiffs' motion as unopposed with respect to the existing thirteen named plaintiffs, (2) grants plaintiffs' motion with respect to the fifteen proposed new plaintiffs to the extent they assert the

---

[1] The proposed new plaintiffs are: David Amiri, Michelle Bernardo, Cody Block, Kerrick Brookins, Ronald Bruner, Kevin Driggs, Antonio Fisher, Hunter Haley, Marcus Hernandez, Terrence Holmes, Rosalie Kitagawa, Mark Lindley, Victoria Teixeria, Alex Vonica, and Jyni Wyse.

1 same claims on behalf of themselves and a putative class; and (3) denies plaintiffs' motion with
2 respect to individual, non-class claims asserted on behalf of any of the proposed new plaintiffs.

**I.   BACKGROUND**

Plaintiffs allege employment discrimination by TSMC. According to the operative first amended complaint ("FAC"), TSMC engages in an "intentional pattern and practice of employment discrimination against individuals who are not of East Asian race, not of Taiwanese or Chinese national origin, and who are not citizens of Taiwan or China, including discrimination in hiring, staffing, promotion, and retention/termination decisions." Dkt. No. 20 ¶ 1. Additionally, plaintiffs allege that "TSMC routinely subjects non-East Asians (including those who are not of Taiwanese or Chinese descent) to a hostile work environment where verbal abuse, gaslighting, isolation, and humiliation is common, and oftentimes leads to the constructive discharge of these employees." *Id*. ¶ 2. Plaintiffs assert class claims under 42 U.S.C. § 1981 for disparate treatment on the basis of race and citizenship, as well as for a hostile work environment (based on race), and under Title VII, 42 U.S.C. § 2000e-2 for disparate treatment based on race and national origin, disparate impact based on race and national origin, as well as for a hostile work environment (based on race and national origin). Certain plaintiffs also assert individual claims for retaliation under 42 U.S.C. § 1981 and/or 42 U.S.C. § 2000e-2. *See id*. ¶¶ 183-223. The FAC asserts claims on behalf of two putative classes, defined as follows:

> All non-East Asian, non-Taiwanese, and non-Chinese individuals who: (1) applied for positions with or within TSMC North America, TSMC Technology, TSMC Arizona and/or TSMC Washington in the United States and were not hired, (2) were employed by one or more of these entities (including contractors), but were not promoted, and/or (3) were employed by one or more of these entities (including contractors) and were involuntarily terminated or constructively discharged.

> All individuals who are not Taiwanese or Chinese citizens who: (1) applied for positions with or within TSMC North America, TSMC Technology, TSMC Arizona and/or TSMC Washington in the United States and were not hired, (2) were employed by one or more of these entities (including contractors), but were not promoted, and/or (3) were employed by one or more of these entities (including contractors) and were involuntarily terminated or constructively discharged.

*Id*. ¶ 174.

1    Plaintiff Deborah Howington filed the original class action complaint, including two class
2 claims for race and citizenship discrimination under 42 U.S.C. § 1981 and an individual claim for
3 retaliation under 42 U.S.C. § 1981, on August 22, 2024.  Dkt. No. 1.  After defendants advised
4 that they planned to move to dismiss the complaint, the parties stipulated to set or extend certain
5 deadlines, including for the filing of an amended pleading, stating that they were doing so in an
6 effort to avoid motion practice.  Dkt. Nos. 18, 19.  On November 8, 2024, Ms. Howington filed
7 the operative FAC, adding twelve additional named plaintiffs and several claims for relief (recited
8 above).  Dkt. No. 20.  On January 13, 2025, TSMC answered the FAC and asserted affirmative
9 defenses.  Dkt. No. 23.

10   Plaintiffs now move for leave to file a proposed second amended complaint ("SAC").
11 Plaintiffs seek to add (1) a new class claim under 42 U.S.C. § 1981 for a hostile work environment
12 based on citizenship; (2) a proposed new plaintiff[2] and certain existing plaintiffs[3] to the Title VII
13 class claims[4]; and (3) five proposed new plaintiffs[5] to the individual claim for retaliation under 42
14 U.S.C. § 1981.  As noted above, defendants do not oppose any of the requested amendments with
15 respect to the existing plaintiffs.  *See* Dkt. No. 43 at ECF 5.  To that extent, plaintiffs' motion to
16 file their proposed SAC is granted as unopposed.

17   Defendants oppose plaintiffs' motion with respect to the fifteen proposed new plaintiffs
18 and their claims.  Plaintiffs maintain that their motion presents a routine request for leave to
19 amend that should be liberally granted under Rule 15.  Defendants argue that plaintiffs' motion is
20 properly understood as a Rule 20 motion for joinder.  They contend that plaintiffs' motion to
21 amend fails to meet the requirements of either Rule 15 or Rule 20.

---

[2] Mark Lindley is the proposed new plaintiff to be added to the Title VII class claims.

[3] The existing plaintiffs to be added to the Title VII class claims are Nicole Carrier, Elena Huizar, Samuel Langley, Wendy Lara Prieto, Phillip Sterbinsky, Michael Winn, and Luis Zepeda.

[4] Plaintiffs state that these individuals received their Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") after the FAC was filed.  *See* Dkt. No. 37 at ECF 2.

[5] The five proposed new plaintiffs to be added to the 42 U.S.C. § 1981 individual retaliation claim are Michelle Bernardo, Kerrick Brookins, Hunter Haley, Terrence Holmes, and Jyni Wyse.

3

## II. LEGAL STANDARD

Rule 15 generally governs amendments and provides the procedural mechanism for amending pleadings. Rule 15(a) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). In determining whether to grant leave to amend, a court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[P]rejudice to the opposing party . . . carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. However, Rule 15 is not the only relevant rule. The Court must also look to any other rules that govern the particular amendment proposed to be made to determine whether the amendment is proper, or whether different procedures may be required.

While Rule 15 typically governs *whether* a new party may be added to an action, the determination of *who* may be added as a party requires consideration of the rules governing joinder. *See* Fed. R. Civ. P. 19, 20. As applicable here, Rule 20 provides, in relevant part:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1); *see generally Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) ("In conjunction with Rule 15, Rule 20 . . . allows the permissive joinder of parties . . . ."). As plaintiffs assert class claims, Rule 23 may also be a relevant consideration. *See Sprint Commc'ns Co., L.P. v. APCC Servs.*, Inc., 554 U.S. 269, 291 (2008) ("[C]lass actions are permissive, not mandatory. More importantly, class actions constitute but one of several methods

4

for bringing about aggregation of claims, i.e., they are but one of several methods by which multiple similarly situated parties get similar claims resolved at one time and in one federal forum.") (citing Fed. R. Civ. P. 20 and 42); *see also Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 521 n.3 (2018) (Ginsburg, J., dissenting) ("The Federal Rules of Civil Procedure provide two collective-litigation procedures relevant here.  First, Rule 20(a) permits individuals to join as plaintiffs in a single action if they assert claims arising out of the same transaction or occurrence and their claims involve common questions of law or fact.  Second, Rule 23 establishes an opt-out class-action procedure, pursuant to which '[o]ne or more members of a class' may bring an action on behalf of the entire class if specified prerequisites are met.").

Here, Rules 15 and 23 govern the Court's consideration of plaintiffs' request to add new plaintiffs to the existing class claims.  Rules 15 and 20 govern the Court's consideration of plaintiffs' request to add new plaintiffs and their individual, non-class claims.

### III. DISCUSSION

#### A. New Plaintiffs with Class Claims

Noting that the proposed fifteen new plaintiffs challenge the same alleged pattern or practice of discrimination and a hostile work environment, plaintiffs argue that neither Rule 15 nor Rule 20 pose any impediment to their proposed SAC.  *See* Dkt. Nos. 37, 48.  At the motion hearing, plaintiffs argued that while there are differences among them, each existing plaintiff and each proposed new plaintiff have evidence illustrating TSMC's alleged broad policy or practice of discrimination and a hostile work environment that they contend is common to each class.  TSMC argues that plaintiffs are improperly attempting to join in one action a host of separate complaints arising out of myriad diverse adverse employment actions, involving employees holding a wide variety of positions, with different employers and/or managers, and in different employment locations, with no common thread.  TSMC maintains that the proposed addition of fifteen new plaintiffs will only introduce further delay[6] and result in prejudice.

---

[6] To the extent TSMC suggests that plaintiffs' motion to amend is untimely, the Court is not persuaded.  Plaintiffs state that they did not learn of the fifteen proposed new plaintiffs until after the FAC was filed.  *See* Dkt. No. 37 at ECF 14.  Nothing in the present record refutes that assertion.  While TSMC points out that, by the time the present motion was heard, this case had

On the whole, the cases cited by the parties are not directly instructive insofar as they are not class actions, involve only a single employer or employment location, or do not involve allegations of a pattern or practice of discrimination. At the motion hearing, plaintiffs acknowledged that the addition of the fifteen new proposed plaintiffs to this action is not necessary, e.g., to preserve any claims or for the conduct of this litigation. The Court also views with skepticism plaintiffs' assertion that this litigation will proceed with greater speed and efficiency if, as they propose, the current number of named plaintiffs is more than doubled to nearly 30. At the motion hearing, plaintiffs stated that one of their goals in filing the SAC is to expedite discovery from the existing and proposed new plaintiffs, rather than waiting to present declarations from them at the class certification stage. Nothing prevents plaintiffs from producing evidence from these individuals now, whether or not the fifteen new plaintiffs are added as parties to this litigation. Additionally, the Court finds no basis in the law for plaintiffs' assertion that the fifteen proposed new plaintiffs must be named plaintiffs (and not mere participants or witnesses) in this litigation in order to be entitled to protection from retaliation under Title VII. *See, e.g.,* 42 U.S.C. § 2000e-3(a) (prohibiting retaliation against employees or applicants who "opposed any practice made an unlawful employment practice by this subchapter, or . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.").

At the same time, however, to the extent TSMC argues that the proposed new plaintiffs' claims are not, in fact, representative of the class, or that the proposed new plaintiffs do not have claims in common with the class, or that the proposed new plaintiffs present claims for which there are no commons questions of law or fact, the Court finds that these arguments are best addressed at class certification. While plaintiffs cannot invoke an alleged "pattern or practice" of discrimination as a mere label to seek redress for disparate incidents and experiences that are not based on a singular widespread policy or practice, plaintiffs maintain that they have plausibly

---

been pending for over seven months (*see* Dkt. No. 43 at ECF 19), the docket indicates that the parties stipulated at least twice to extend the time for TSMC to respond to the complaint, with TSMC ultimately filing its response to the FAC in mid-January 2025. *See* Dkt. Nos. 8, 18, 19, 23.

1  alleged a company-wide pattern and practice of discrimination with respect to their class claims,
2  and that each individual's experience is a piece of the bigger picture of TSMC's alleged hostile
3  work environment and disparate treatment of certain employees based on race, national origin,
4  and/or citizenship. *See* Dkt. No. 37-2 (proposed SAC ¶¶ 1, 3, 48, 338, 340, 346, 349, 354, 369).

Nor has TSMC persuasively argued that the addition of fifteen new plaintiffs is prejudicial because of litigation-related burdens in discovery or at trial, either in the form of delay or otherwise. TSMC has not shown that the conduct of discovery will be meaningfully different; TSMC may elect to depose all or some of the plaintiffs that have been identified. The Court also has discretion to sever claims and plaintiffs for trial, as may be appropriate. *See* Fed. R. Civ. P. 42(b).

The purpose of Rule 23 class actions is to serve as a vehicle for adjudication of common claims and questions when there are too many plaintiffs to be named. *See Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1077 (9th Cir. 2017) ("As a general matter, the named plaintiffs in a properly certified class action are charged with conducting the litigation on behalf of the class they represent; by definition class actions involve too many plaintiffs to allow each to participate personally. *See* Fed. R. Civ. P. 23(a)(1). The named plaintiffs serve as representatives of the class and in that capacity are authorized to decide matters of litigation strategy, such as which claims to assert or drop, what discovery to take, what motions to file, and so forth."). As noted above, plaintiffs acknowledged at the motion hearing that naming 28 plaintiffs is unnecessary; and the Court is mindful that doing so also seems contrary to the purpose of Rule 23. Nevertheless, no one has cited authority suggesting that there is a bright-line rule defining what constitutes "too many" named plaintiffs for a Rule 23 action. Accordingly, at this time the Court will grant plaintiffs' motion with respect to the fifteen proposed new plaintiffs to the extent they assert the same claims on behalf of themselves and a putative class. This ruling is without prejudice to further consideration regarding the management and conduct of this litigation, as may be appropriate or necessary, as the case progresses.

### B.   New Plaintiffs with Individual, Non-Class Claims

The Court reaches a different conclusion with respect to plaintiffs' request to add

individual section 1981 retaliation claims for five of the new plaintiffs, i.e., Ms. Bernardo, Mr. Brookins, Mr. Haley, Mr. Holmes, and Ms. Wyse. The SAC's allegations indicate that these individual retaliation claims do not arise out of the same "transaction or occurrence." *See* Fed. R. Civ. P. 20(a)(1); *see also Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 842-43 (9th Cir. 2000) (describing "the term 'transaction or occurrence' as referring to 'similarity in the factual background of a claim'; claims that 'arise out of a systematic pattern of events' arise from the same transaction or occurrence."). For example, while each of these five individuals worked for TSMC Arizona, the SAC indicates that each held a different position and worked in different departments and/or capacities. Ms. Bernardo worked in the human resources department; Mr. Brookins was a lithography equipment technician; Mr. Haley was an engineering technician; Mr. Holmes was an equipment technician in the etch department; and Ms. Wyse was a contract employee who worked as a mechanical technician. While these five individuals each claim they were treated poorly because of their race and/or national origin, the SAC's allegations indicate that their respective retaliation claims arose under different and highly individualized facts and circumstances. For example, Ms. Bernardo claims that after complaining about being bullied and belittled, she received an unjustified poor performance review, was demoted, stripped of responsibilities, investigated for disclosing confidential information about other employees outside the company, and threatened with termination.[7] *See* Dkt. No. 37-2 ¶¶ 200-220. Mr. Brookins claims that after he complained that a colleague made unwarranted deductions from Mr. Brookins's timecard, he was stalked by a manager, interrupted during meetings, not permitted to observe Taiwan's "National Nap Time," and wrongfully terminated based on false accusations that he left work early. *Id*. ¶¶ 301-314. Mr. Haley says that after he complained about receiving insufficient training (including TSMC's refusals to provide a fluent, English-speaking trainer) and about safety protocol concerns, he received undeserved poor performance ratings and lost job responsibilities, ultimately leading to his constructive discharge. *Id*. ¶¶ 262-270. Mr. Holmes claims that Taiwanese colleagues gave him incorrect information and withheld training, and that

---

[7] As briefed elsewhere on the docket, Ms. Bernardo's employment was terminated in March 2025. *See* Dkt. No. 61.

8

he was bullied and harassed, including being physically assaulted by a trainer. After complaining about his poor treatment and raising certain safety protocol concerns, Mr. Holmes says that his work schedule was changed without notice, he was excluded from a team dinner, and he was denied a transfer out of his department. *Id*. ¶¶ 275-283. Ms. Wyse says that she was exposed to dangerous chemicals and work conditions. After she filed an OSHA[8] complaint, Ms. Wyse says that she was stripped of her position, laptop, and email address, was prohibited from leaving the main office (thus preventing her from working in the laboratory), and was forced to sit alone in a staff room, which she says ultimately led to her constructive discharge. *Id*. ¶¶ 243-255.

Likewise, the individual retaliation claims for the five new plaintiffs do not arise out of the same "transaction or occurrence" as any of the individual retaliation claims asserted by the existing plaintiffs, Ms. Howington, Mr. McKinley, and Mr. Perry. According to the proposed SAC, Ms. Howington is a "Deputy Director, Talent Acquisition" for TSMC North America, who remains on leave from TSMC. *See* Dkt. No. 37-2 ¶¶ 65-81. Ms. Howington says that after raising concerns and then filing a formal whistleblower complaint regarding discriminatory conduct, she received unexpectedly low performance reviews, was "badmouth[ed]" by colleagues, received less resources and support from colleagues, was so distressed that she took a leave of absence for health-related reasons, and returned from leave to find that her role and responsibilities had been curtailed. She says that she ultimately told TSMC that she could not continue to work in such conditions and would no longer come into the office. *Id*. Mr. Edward McKinley is an African American and a process engineer who worked at TSMC Arizona. *Id*. ¶¶ 151-152. He alleges that TSMC hired him to publicly "showcase its purported commitment to 'diversity,'" but that he was "constantly yelled at, criticized, and excluded by his team." *Id*. ¶¶ 153, 154. He says that after he complained, the poor treatment only got worse, causing him to have panic attacks and to seek medical treatment. Mr. McKinley says that TSMC terminated his employment less than a year after he was hired, while he was still in training. *Id*. ¶¶ 151-159. Mr. James Perry was a human resources employee at TSMC Arizona, who says that after raising concerns about TSMC's

---

[8] Occupational Safety and Health Administration

1   discriminatory conduct, he was constructively discharged. He further alleges that TSMC retaliated
2   against him by lodging an anonymous complaint with his new employer, Oracle. Although Oracle
3   concluded that the anonymous complaint was unsubstantiated, Mr. Perry says that the complaint
4   nonetheless put his new employment at Oracle "at risk." *Id*. ¶¶ 82-91.

   Unlike the class claims, which are premised on allegations of a hostile work environment and a pattern and practice of discrimination based on race, national origin, or citizenship, the proposed individual retaliation claims are based on allegations of specific complaints unique to each individual. In view of the diverse circumstances alleged as the bases for each of these individuals' respective retaliation claims, and the highly-individualized proof required, plaintiffs have not shown that their proposed amendments satisfy Rule 20's joinder requirements. *See Tophadzhikyan v. City of Glendale*, No. 10-cv-0387-JST (SSx), 2011 WL 13124623, at *4 (C.D. Cal. Mar. 17, 2011) (finding claims did not appear to meet Rule 20's "transactions or occurrences" requirement where "[p]laintiffs do allege a pattern and practice of discrimination, but that label belies the fact that Plaintiffs are not seeking common redress based on a uniform or singular widespread policy or practice that has been applied to all"). Moreover, TSMC has articulated plausible concerns that prejudice will result from, for example, the burden of having to defend against these additional individual claims, as well as from the potential for jury confusion about the myriad details of each individual's experiences and whether TSMC's alleged conduct as to each one constitutes unlawful retaliation. *See Foman*, 371 U.S. at 182 (relevant Rule 15 factors include "undue prejudice to the opposing party"); *Eminence Cap., LLC*, 316 F.3d at 1052 ("[P]rejudice to the opposing party . . . carries the greatest weight.").

   Accordingly, plaintiffs' motion to file their SAC is denied with respect to individual, non-class claims asserted on behalf of any of the proposed new plaintiffs.[9]

---

[9] In a separate motion hearing on plaintiffs' then-pending motion for a temporary restraining order, TSMC voiced concerns that permitting the fifteen new plaintiffs to be added to this lawsuit on the class claims, but not as to their individual retaliation claims, may create a claim-splitting issue. As no one has briefed that issue, the Court does not address it here. However, on the record presented, the Court does not foresee a claim-splitting issue. *See generally Ramachandran v. Best Best & Krieger*, No. 20-cv-03693-BLF, 2021 WL 428654, at *7-*8 (N.D. Cal. Feb. 8, 2021) (describing claim-splitting doctrine); *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *rev'd on other grounds, Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## IV. CONCLUSION

Based on the foregoing, plaintiffs' motion for leave to file their proposed SAC is (1) granted as unopposed with respect to the existing thirteen named plaintiffs; (2) granted with respect to the fifteen proposed new plaintiffs to the extent they assert the same claims on behalf of themselves and a putative class; and (3) denied with respect to individual, non-class claims asserted on behalf of any of the proposed new plaintiffs. Plaintiffs shall promptly file their SAC, as permitted and in accordance with the Court's rulings in this order, as a separate docket entry on ECF by **June 30, 2025**.

**IT IS SO ORDERED.**

Dated: June 13, 2025

Virginia K. DeMarchi
United States Magistrate Judge

11