UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-05684-VKD<br><br>**ORDER RE JUNE 26, 2025 DISCOVERY DISPUTE RE NAMED PLAINTIFFS' DEPOSITIONS**<br><br>Re: Dkt. No. 70 |

The parties ask the Court to resolve their dispute regarding the location of named plaintiffs' depositions, as well as the sequence of those depositions. Dkt. No. 70. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

TSMC has asked plaintiffs to produce each of the named plaintiffs for an in-person deposition in the Northern District of California. Dkt. No. 70 at 1. Plaintiffs object that the named plaintiffs who live outside of this District should be deposed in or near their cities of residence. *Id.* In the alternative, plaintiffs ask that TSMC be required to reimburse them for their travel expenses to and from this District or be required to take their depositions remotely. *Id.* at 7. Plaintiffs also object to TSMC's demand that the named plaintiffs' depositions occur in a specific order. *Id.* at 5.

Plaintiffs generally must make themselves available for deposition in the forum district. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-3078-JSC, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015). This general rule applies to named plaintiffs in class actions. *See Fenerjian v. Nong Shim Co., Ltd.*, No. 13-cv-04115-WHO (DMR), 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016). However, the Court may, in its discretion, require plaintiffs'

depositions to proceed in a different location, considering the convenience of the parties and counsel, the convenience of the persons to be deposed, the likelihood of discovery disputes arising that would require resolution by the forum court, the burden and expense associated with a particular deposition location, and other factors. *See id.* at *2; *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994), *as amended* (July 25, 1994) ("A district court has wide discretion to establish the time and place of depositions.").

      Here, plaintiffs have not shown that requiring all named plaintiffs to appear for their depositions in this District would impose an undue hardship on those who reside outside of the District, nor have they shown that there are other exceptional or compelling circumstances that warrant shifting the presumptive deposition location to places at or near their residences. Ms. Howington and her counsel initially chose to file this action in this District on behalf of a putative class encompassing all similarly situated people employed by TSMC anywhere in the United States. Dkt. No. 1 ¶ 42. Thereafter, each of the additional named plaintiffs asked specifically to be named in the action rather than electing to remain as unnamed members of the putative class. Dkt. Nos. 20, 37. In connection with these amendments, plaintiffs did not advise TSMC or this Court that these new named plaintiffs wished to participate as representatives of the class only if they were not required to travel to this District. Plaintiffs argue that requiring non-resident named plaintiffs to travel here for their depositions would be unfair because these plaintiffs "have modest means as compared to TSMC, a multi-billion dollar corporation."[1] *See* Dkt. No. 70 at 6. But comparative wealth is not a relevant consideration. In fact, it is not even clear that *any* plaintiffs will themselves bear any travel expenses related to these depositions. Defendants point out that plaintiffs' assertion of undue hardship "assumes that plaintiffs themselves—not their counsel—are paying for [deposition travel] expenses," and such an assumption is unsupported. *Id.* at 3. In response, plaintiffs say only that requiring defendants to depose out-of-District named plaintiffs

---

[1] Citing plaintiff Bernardo's April 4, 2025 declaration, Dkt. No. 49-6 ¶¶ 10-16, plaintiffs specifically contend that Ms. Bernardo "has been unable to secure gainful employment, and no longer has the means to travel to California for her deposition." Dkt. No. 70 at 6. However, as defendants observe, Ms. Bernardo traveled to California voluntarily to attend a court hearing shortly after filing the declaration on which plaintiffs rely.

near their residences, grouped by state, "avoids undue burden and expense to *both Plaintiffs and counsel (regardless of who bears the costs)*." *Id.* at 5 (emphasis added). While the convenience of the parties and their counsel may be a relevant consideration, the Court agrees with defendants that plaintiffs' proposal appears to merely shift the inconvenience and expense of named plaintiffs' depositions from plaintiffs and their counsel to defendants and their counsel. *See id.* at 3. Relatedly, plaintiffs have not shown good cause to require defendants to take named plaintiffs' depositions by remote video conference means, or to pay for non-resident named plaintiffs to travel to this District for their depositions.

With respect to the sequence or order of named plaintiffs' depositions, neither plaintiffs nor defendants have an absolute right to dictate the order of these depositions. *See In re Telescopes Antitrust Litig.*, No. 20-cv-03639-EJD (VKD), 2021 WL 1541692, at *2 (N.D. Cal. Apr. 20, 2021); *see also* Fed. R. Civ. P. 26(d)(3). Rather, the Court expects both parties to work cooperatively to schedule named plaintiffs' depositions to minimize delay and accommodate the deponents' genuine scheduling constraints.

For the reasons explained above, the Court orders named plaintiffs to make themselves available for deposition in the District, absent stipulation of the parties to take a particular deposition in a different location or by remote video conference. The Court expects the parties to so stipulate if a witness demonstrates that he or she has a medical condition that makes it very difficult or impossible for the witness to travel to this District, or if there is some other exceptional circumstance that makes it practically impossible for the witness to travel to this District for deposition. *See* Dkt. No. 70 at 3 n.1.

**IT IS SO ORDERED.**

Dated: July 3, 2025

Virginia K. DeMarchi
United States Magistrate Judge