UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,<br><br>Defendants. | Case No. 24-cv-05684-VKD<br><br>**ORDER RE JULY 23, 2025 DISCOVERY DISPUTE RE RFPS 1-4**<br><br>Re: Dkt. No. 82 |

The parties ask the Court to resolve their dispute regarding four of plaintiffs' document requests directed to TSMC's applicant and employee data. Dkt. No. 82. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court orders TSMC to produce data from its HR-related data sources and Excel files responsive to RFPs 1 and 2, except for data reflecting "visa type" or "whether TSMC sought a permanent labor certification or green card on the employee's behalf." TSMC is not required to produce data responsive to RFPs 3 and 4.

## I.  BACKGROUND

In this putative class action, plaintiffs allege that defendants Taiwan Semiconductor Manufacturing Co. Ltd., TSMC North America, TSMC Technology, Inc., TSMC Arizona Corporation, and TSMC Washington, LLC (collectively, "TSMC" or "defendants") engage in an "intentional pattern and practice of employment discrimination against individuals who are not of East Asian race, not of Taiwanese or Chinese national origin, and who are not citizens of Taiwan or China,[1] including discrimination in hiring, staffing, promotion, and retention/termination

---

[1] For simplicity, the Court refers simply to "non-East Asian" and "not East Asian" to represent the members of the class(es) to which the second amended complaint refers.

decisions." Dkt. No. 75 ¶ 1. Additionally, plaintiffs allege that "TSMC routinely subjects non-East Asians (including those who are not of Taiwanese or Chinese descent) to a hostile work environment where verbal abuse, gaslighting, isolation, and humiliation is common, and oftentimes leads to the constructive discharge of these employees." *Id.* ¶ 2. Plaintiffs assert class claims under 42 U.S.C. § 1981 for disparate treatment on the basis of race and citizenship, as well as for a hostile work environment (based on race), and under Title VII, 42 U.S.C. § 2000e-2 for disparate treatment based on race and national origin, disparate impact based on race and national origin, as well as for a hostile work environment (based on race and national origin). *See id.* ¶¶ 347-380. Certain of the named plaintiffs also assert individual claims for relief.

As pertinent to this discovery dispute, plaintiffs ask TSMC to produce data responsive to the following document requests:

> RFP 1: An Excel spreadsheet(s) or comparable file format that contains the following: the identity of each individual who applied to TSMC (either directly or through a third party recruiter or referral) for a position in the United States during the relevant time period, and for each such individual, the applicant's name, applicant number, race, national origin, citizenship, visa type (if any), date of application, TSMC entity applied to, source of the application (e.g., contracting company, employee referral, job board, career website, school recruiting, etc.), requisition/job opening number, position(s) applied to or considered for, whether the applicant was interviewed for the role and interview date, the applicant's interview score or review, whether or not the applicant was offered a position, the position(s) offered, whether the applicant accepted any such offer and was hired, and if not hired, the name, race, national origin, citizenship, and visa type (if any) of the individual ultimately hired by TSMC for the role(s).
>
> RFP 2: An Excel spreadsheet(s) or comparable file format that contains the following: the identity of each employee who worked for TSMC in the United States during the relevant time period, and for each such individual, the employee's name, employee number, race, national origin, citizenship, visa type (if any), country of hire, TSMC entity that employed the employee, each position held by the employee in the United States and abroad (by date), each job level in the United States and abroad (by date), date of promotion (if promoted), each performance rating, date the employee was placed on a Performance Improvement Plan or Corrective Action Plan (if applicable), whether TSMC sought a permanent labor certification or green card on the employee's

2

behalf, termination/resignation date (if terminated or resigned), reason for termination/resignation (if terminated or resigned), and location at the time of termination or resignation (if terminated or resigned).

RFP 3: An Excel spreadsheet(s) or comparable file format that contains the following: the identity of each employee for whom TSMC sought a visa during the relevant time period, and for each such individual, the employee's name, employee number, visa type (and any amendments thereto), job role, job level, job location, and TSMC entity employer in the U.S. listed on the visa application, date of initial visa application, date of visa extension (if any), date of visa amendment (if any), country of hire, date of visa approval (if any), date of visa rejection (if any).

RFP 4: An Excel spreadsheet(s) or comparable file format that contains the following: the identity of each employee for whom TSMC filed an Application for Permanent Employment Certification ("PERM" application) or green card during the relevant period and for each such individual, the employee's name, employee number, job role, job level, and job location in the U.S., whether a PERM application or green card was filed on the employee's behalf, visa type at the time of filing the PERM or green card application, date of PERM or green card application approval (if any), date of PERM or green card application withdrawal (if any) and reason for the withdrawal, and date of PERM or green card application rejection (if any) and the reason for the rejection.

Dkt. No. 83-1 at ECF 8-10.

## II.   DISCUSSION

As a general matter, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiffs argue that the information they seek is necessary for statistical analyses they will conduct to support their pattern or practice claims. Dkt. No. 82 at 1, 4. They contend that the information is easily accessible in standard HR-related data sources or in existing Excel files maintained by TSMC. *Id.* at 2-3. TSMC objects that the information is not easily accessible, and that in view of the burden gathering the information would impose on

3

TSMC, its obligations to produce responsive data should be limited to the named plaintiffs. *Id.* at 4-5. TSMC further objects that plaintiffs seek the confidential information of thousands of other individuals, and that they have not shown that their need for the information outweighs those individuals' interest in protecting their privacy, particularly to the extent plaintiffs seek information about individuals' immigration status. *Id.* at 4-6.

### A.     TSMC's objections regarding accessible data sources

The parties provide the Court with conflicting representations regarding TSMC's HR-related data sources. Plaintiffs state that TSMC uses standard tools and data sources to record applicant and employee data and maintains other information in Excel files in shared HR folders or drives. *Id.* at 2-3. TSMC does not specifically address each data source plaintiffs identify, but asserts generally that "[w]hile TSMC Arizona Corporation has some ability to sort through and identify potentially responsive data, the other Defendants do not." *Id.* at 4. The only examples TSMC provides are that "TSMC North America and TSMC Technology, Inc. . . . do not use WorkDay or the eSeparation system, and did not start using SuccessFactors until approximately the end of 2022." *Id.*

The Court is not persuaded that TSMC fails to maintain standard HR data for applicants and employees in readily accessible form—whether in an Excel file, a database, or another data source—for the relevant time period. Whether a particular TSMC defendant uses a particular tool or data store is not the point. The Court expects that all defendants maintain, and will have preserved, the same or similar data for each applicant and employee in a form or forms that are easily accessible, even if they did not use the same platform or tool to record the data.

In any event, the Court could not properly limit TSMC's production of responsive data to the named plaintiffs only, as TSMC suggests. *See Diaz v. Am. Telephone & Telegraph,* 752 F.2d 1356 (9th Cir. 1985) (finding district court erred in refusing to permit discovery of defendant's employment statistics for relevant geographic region). Such a production would not permit plaintiffs to develop relevant statistical evidence showing disparities based on race, national origin and/or citizenship in hiring, staffing, promotion, and retention or termination decisions. TSMC has offered no other proposal for how the data production plaintiffs seek should be limited to

4

1  address TSMC's concerns about undue burden.

2      **B.    RFPs 1 and 2: Applicant and employee demographic and performance data**

3      RPS 1 and 2 seek multiple items of information about TSMC's applicants and employees in the United States. While TSMC objects generally to the scope of the information requested, it specifically objects that plaintiffs have not established a need for immigration-related information that is sufficient to outweigh applicants' and employees' interests in keeping this information private and confidential.

    Plaintiffs do not explain why they require information about each applicant's or employee's "visa type (if any)" or, for each employee, "whether TSMC sought a permanent labor certification or green card on the employee's behalf." Separately, each of these requests seeks information about each applicant's or employee's race, national origin, and citizenship—all of which information plaintiffs insist is collected and maintained by TSMC in the ordinary course as part of its hiring and management of employees. Plaintiffs do not allege discrimination based on visa type or immigration status, but only on the basis of race (not East Asian), national origin (not from Taiwan or China), and/or citizenship (not citizens of Taiwan or China). The Court has no difficulty concluding that an individual's immigration status may be considered sensitive information, and that it should not be disclosed unless the information is relevant to a claim or defense and the risks of disclosure are outweighed by the plaintiffs' need for the information. *See, e.g., Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1074 (9th Cir. 2004) (affirming protective order barring discovery of civil rights plaintiffs' immigration status, as such discovery could have a chilling effect on litigants and was not relevant to a claim or defense); *Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, No. C08-4220 RS (JL), 2010 WL 11575520, at *6 (N.D. Cal. Nov. 12, 2010) ("The harm resulting from disclosure of immigration status is significant and real.") (summarizing authority)..

    With respect to the other information plaintiffs seek in response to RFPs 1 and 2, the Court finds that this information is reasonably necessary for plaintiffs to conduct the statistical analyses

they require.[2] While TSMC is correct that the data includes personally identifiable information of non-parties, the Court finds that these individuals' privacy interests can be adequately protected if access to the information is limited to plaintiffs' counsel and appropriate experts, as provided in the protective order (Dkt. No. 64), with appropriate safeguards to ensure the information is not otherwise disclosed and is not used for any purpose other than performance of the statistical analyses plaintiffs identify.

### C. RFPs 3 and 4: Employee visa and PERM card information

RPS 3 and 4 seek detailed information about TSMC's applications for visas and PERM or green cards for its employees. As explained above, plaintiffs do not explain why they require this type of immigration-related information for all of TSMC's employees in the United States. Accordingly, the Court denies plaintiffs' request for an order compelling production of information responsive to RFPs 3 and 4.

## III. CONCLUSION

TSMC must produce data from its HR-related data sources and Excel files responsive to RFPs 1 and 2, except that TSMC need not include data reflecting "visa type" or "whether TSMC sought a permanent labor certification or green card on the employee's behalf." TSMC's production must be substantially complete by **September 19, 2025**. To the extent TSMC claims it does not have or cannot access an item of information within the permitted scope of RFPs 1 and 2, it shall disclose to plaintiffs the specific item of information in question and explain why it cannot be produced. Any remaining disputes about this data may be brought to the Court's attention.

TSMC is not required to produce data responsive to RFPs 3 and 4.

**IT IS SO ORDERED.**

Dated: August 29, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] RFPs 1 and 2 do not require disclosure of applicants' or employees' contact information.

6