UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,<br><br>  Defendants. | Case No. 24-cv-05684-VKD<br><br>**ORDER RE AUGUST 6, 2025 DISCOVERY DISPUTE RE PLAINTIFFS' PRIVILEGE CLAIMS**<br><br>Re: Dkt. No. 85 |

The parties ask the Court to resolve a dispute concerning plaintiffs' reliance on the common interest doctrine with respect to several categories of communications. Dkt. No. 85. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b). The Court is unable to fully resolve this dispute on the record presented and orders further proceedings, as specified below.

**I.    BACKGROUND**

Defendants Taiwan Semiconductor Manufacturing Co. Ltd., TSMC North America, TSMC Technology, Inc., TSMC Arizona Corporation, and TSMC Washington, LLC (collectively, "TSMC" or "defendants") served document requests asking plaintiffs to produce all of their communications "exchanged with any person"—including another named plaintiff or another member of the putative class—regarding plaintiffs' claims and allegations in this action. Dkt. No. 85 at 1 (citing Dkt. No. 85-1, defendants' RFPs 8-16). As pertinent to this dispute, plaintiffs object to producing certain responsive communications, or portions of those communications, on the grounds that they contain information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. *Id.* at 4 (citing Dkt. No. 85-3, Howington's

responses to RFPs 8-16). Plaintiffs argue that these communications are also subject to the "common interest/joint prosecution privilege." *Id.* TSMC argues that plaintiffs have not established that any privilege or protection applies, and they argue further that any such privilege or protection has been waived by disclosure to non-parties. *Id.* at 2-3. Alternatively, TSMC asks the Court to review the disputed documents *in camera*. *Id.* at 3.

The parties attach plaintiffs' privilege log for one named plaintiff, Deborah Howington, which appears to include 56 entries. Dkt. No. 85-2. It is not entirely clear which of these 56 entries are disputed.

## II. LEGAL STANDARD

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).[1] The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted). In the Ninth Circuit, whether information is protected by the attorney-client privilege is determined using an eight-part test:

> Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Sanmina*, 968 F.3d at 1116. "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Ruehle*, 583 F.3d at 607 (citations and quotations omitted). The party claiming the privilege has the burden to establish that it applies. *See United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002).

The work product doctrine protects from discovery materials prepared by a party or his

---

[1] As all of plaintiffs' claims in this action are based on alleged violations of federal statutes, federal law governs application of the attorney-client privilege. Fed. R. Evid. 501.

representative in anticipation of litigation. *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared 'by or for another party or by or for that other party's representative. *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt*, 357 F.3d 900, 907 (9th Cir. 2004). "The doctrine protects both 'material prepared by agents for the attorney as well as those prepared by the attorney himself,' and its primary purpose is to 'prevent exploitation of a party's efforts in preparing for litigation.'" *Entangled Media, LLC v. Dropbox Inc.*, No. 23-cv-03264-PCP (VKD), 2025 WL 1069896, at *2 (N.D. Cal. Apr. 8, 2025) (quoting *Sanmina*, 968 F.3d at 1119, and *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)). The party resisting production of material based on work product protection bears the burden of proving that the protection applies. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010).

The voluntary disclosure of privileged or protected information to a third party ordinarily waives that privilege or protection. *Ruehle*, 583 F.3d at 612; *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). The "common interest" or "joint defense" doctrine is an exception to ordinary waiver rules that applies when parties, who are not jointly represented, communicate in confidence about a matter of common legal interest, and where the communication is made in furtherance of that common legal interest. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). The doctrine does not create a privilege but comes into play only if a privilege or protection already covers the material disclosed to the third party. *In re Pac. Pictures Corp.*, 679 F.3d at 1129; *see also Nidec*, 249 F.R.D. at 578-79 (describing boundaries and application of common interest doctrine).

A party challenging application of the attorney-client privilege or work product protection may request *in camera* review, but only if the party establishes that such review is warranted. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992). "To empower the district court to review the disputed materials *in camera*, the party opposing the privilege need only show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may

3

1  reveal evidence that information in the materials is not privileged. If the party makes such a
2  showing, the decision whether to conduct the review rests within the discretion of the district
3  court." *Id.* at 1075; *see also id.* at 1072-1075 (citing *United States v. Zolin*, 491 U.S. 554, 572
4  (1989)). The court's discretion is guided by the following factors: (a) the amount of material to be
5  reviewed, (b) the relevance of the material to the case, and (c) the likelihood that *in camera* review
6  will reveal evidence establishing that the material is not privileged. *Id.* at 1073 (citing *Zolin*, 491
7  U.S. at 572 (listing factors)).

### III. DISCUSSION

This dispute concerns three categories of communications: (1) named plaintiffs' communications among themselves; (2) named plaintiffs' communications with unnamed members of the putative classes (i.e. "absent class members"); and (3) named plaintiffs' communications with non-parties who are not within the scope of the putative classes. The Court addresses each disputed category separately.

#### A. Communications Among Named Plaintiffs Only

All named plaintiffs are jointly represented by plaintiffs' counsel of record in this action. Communications between and among jointly represented clients may be privileged or otherwise protected from disclosure, even if counsel is not a participant, but only if the information withheld from production is, in fact, privileged or protected in the first instance and concerns the common representation or a matter of common legal interest.

A party asserting privilege or work product protection must "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005). The Ninth Circuit has held a party meets its burden by providing a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d at 1071 (citing *Dole v. Milonas*, 889

F.2d 885, 888 n.3 (9th Cir. 1989)). However, a party may substantiate a claim of privilege by other means. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs, declarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient.").

Here, plaintiffs argue, correctly, that communications exchanged among named plaintiffs that include legal advice or attorney work product *may* retain their protections by operation of the common interest doctrine. However, they have not provided sufficient information for the Court to determine whether the privilege or protection applies in the first instance to a particular communication. Moreover, plaintiffs do not address, on a communication-by-communication basis whether, at the time of the alleged disclosure, all parties to a particular communication were, in fact, jointly represented by counsel of record. *See, e.g.,* Dkt. No. 85-2, line 3, describing communication as "[m]essages between Howington and Fisher (putative class member, now Plaintiff) . . . ."). It is not sufficient for plaintiffs to suggest, without further elaboration or support, that putative class members who were not represented jointly with a named plaintiff at the time of the communication nevertheless "believed" their "interests" were represented by plaintiffs' counsel of record. *See* Dkt. No. 85 at 5 n.2. Attorneys represent clients, not interests. *See Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 836 F.2d 1332, 1338 (Fed. Cir. 1988).

**B.     Communications Between Named Plaintiffs and Putative Class Members**

As with communications among named plaintiffs, plaintiffs must establish that their disputed communications with absent class members are privileged or protected in the first instance.

Plaintiffs do not dispute that absent class members are not clients of plaintiffs' counsel merely because they are potential members of a class that may be certified. *See* Dkt. No. 85 at 3, 5. Most courts agree that absent class members become clients of class counsel when the class is certified but not before. *See Parks v. Eastwood Ins. Servs., Inc.,* 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002) (collecting authority). While plaintiffs' counsel owes a "generalized duty" to absent class members prior to certification, the existence of such a duty "does not create an inviolate attorney-client relationship with each and every member of the putative class." *In re McKesson*

5

*HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000); *see also* ABA Formal Op. 07-445 ("A client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired."). Indeed, potential class members who are not named plaintiffs are considered unrepresented parties, and while pre-certification communications with such potential class members are generally permitted, *see In re Apple Inc. Device Performance Litig.*, No. 18-md-02827-EJD, 2018 WL 4998142, at *4 (N.D. Cal. Oct. 15, 2018), they are also generally not privileged. While plaintiffs are correct that nothing prevents their counsel from separately establishing an attorney-client relationship with an absent class member, *see* Dkt. No. 85 at 5, the Court does not merely *assume* that such a relationship has been established; plaintiffs must *show* that it has been. On the record presented, plaintiffs have not shown that their counsel of record had an attorney-client relationship with any absent class member involved in the disputed communications at the time those communications were exchanged.

For communications alleged to contain attorney-client privileged information, disclosure to non-parties outside of the attorney-client relationship (such as absent class members) destroys the privilege, unless an exception to the ordinary waiver rules applies. It is not clear whether, or to what extent, plaintiffs rely on the common interest doctrine as the basis for withholding the contents of these communications. In any event, the mere fact that an absent class member has some interest in the filing or outcome of this action is not sufficient to support application of the common interest doctrine. "[A] shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within [the common interest] exception" to the ordinary rules of waiver that govern attorney-client privilege. *In re Pacific Pictures Corp.*, 679 F.3d at 1129; *see also In re Lidoderm Antitrust Litig.,* No. 14-MD-02521-WHO, 2016 WL 861019, at *4 (N.D. Cal. Mar. 7, 2016) ("[T]he common interest privilege protects documents shared between parties who have a common *legal* interest; it does not extend to and cannot protect disclosure of communications regarding a common business interest. . . . [W]hile Endo and Teikoku shared a 'common interest' in wanting to see the FDA adhere to its regulations, those interests were commercial, not legal."); *Handloser v. HCL Am., Inc.,* No. 19-cv-

01242-LHK (VKD), 2020 WL 6205215, at *3 (N.D. Cal. Oct. 22, 2020) ("While there need not be actual litigation against both HCL and VDart for them to have a common legal interest . . . mere speculation that VDart might also be sued some day is not a legal interest that is within reasonable contemplation."); *cf. RJ v. Cigna Health & Life Ins. Co.,* No. 20-cv-02255-EJD (VKD), 2023 WL 187565, at *1 (N.D. Cal. Jan. 13, 2023) (defendants and non-parties shared a common legal interest in defending against the same claims by plaintiffs in separate actions involving use of the same pricing methodology for insurance claims and engaged in privileged communications regarding a common legal strategy). Here, plaintiffs have not shown that, to the extent they rely on the common interest doctrine, the privileged communication at issue was shared with an absent class member who had a *legal* interest in common with the named plaintiffs *and* that the communication was shared *for the purpose* of furthering *that* legal interest.

For communications alleged to contain attorney work product, plaintiffs correctly observe that disclosure to a third party does not necessarily waive work product protection. Rather, a disclosure waives the protection where it is made to an adversary in litigation or where it is made in a manner that substantially increases the opportunities for potential adversaries to obtain the work product. *Sanmina*, 968 F.3d at 1121 (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2020)); *Gross v. Scottsdale Ins. Co.,* No. 24-cv-02069-EJD (VKD), 2025 WL 885853, at *3 (N.D. Cal. Mar. 21, 2025); *see also* Fed. R. Evid. 502(b). Here, plaintiffs do not adequately identify the work product in question or explain the steps they took to ensure that disclosure of counsel's work product to absent class members would not substantially increase the opportunity for potential adversaries to obtain it. Furthermore, to the extent plaintiffs rely on the common interest doctrine, plaintiffs have not shown that the protected communication at issue was shared with an absent class member who had a *legal* interest in common with the named plaintiffs *and* that the communication was shared *for the purpose* of furthering *that* legal interest.

### C. Communications Between Named Plaintiffs and Other Non-Parties

Apparently, the parties agree that plaintiffs have withheld from production at least some communications between the named plaintiffs and non-parties who are not even potential class

7

members. *See* Dkt. No. 85 at 6 (referring to individuals who "turned out not to be class members"). No party identifies these items on plaintiffs' privilege log.

Plaintiffs have not shown that any of these non-party communications contain privileged or protected communications in the first instance, nor have they adequately explained why disclosure of these communications to non-parties, who have no interest (legal or otherwise) in this litigation, does not waive any such privilege or protection.

## IV. CONCLUSION

For the reasons discussed above, the Court is unable to fully resolve this dispute on the record presented. The parties shall review and consider their respective positions, in view of the guidance provided in this order. At a minimum, plaintiffs must amend their privilege log to clarify, consistent with Rule 26(b)(5), the basis for any privilege or protection claimed in the first instance. Plaintiffs must also amend their privilege log to clarify the basis for their reliance, if any, on the common interest doctrine to avoid waiver. Plaintiffs' amended privilege log must be served by **September 19, 2025.**

The Court appreciates that its expedited procedures for submitting discovery disputes for resolution do not allow for the submission of declarations and other evidence, absent leave of court. If a dispute remains regarding plaintiffs' assertions that a responsive communication may be withheld as privileged or protected, the Court will permit the parties to brief the dispute as a regularly noticed motion so that plaintiffs and TSMC may make any evidentiary showing necessary to support their respective positions. TSMC may renew its request for *in camera* review at that time, or the parties may stipulate to the submission of a representative sample of disputed communications for *in camera* review. The parties shall confer regarding a proposed briefing schedule for any remaining disputes regarding the disputed communications at issue, and shall advise the Court of their proposed briefing schedule no later than **September 26, 2025**.

In the meantime, no party may resist deposition discovery solely because of an unresolved dispute about whether a disputed communication is privileged or protected. Rule 30(c)(2) governs the appropriate use of instructions not to answer in deposition where necessary to preserve a privilege.

**IT IS SO ORDERED.**

Dated: September 8, 2025

<br>

Virginia K. DeMarchi
United States Magistrate Judge