UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,<br><br>    Defendants. | Case No. 24-cv-05684-VKD<br><br>**ORDER FOLLOWING SEPTEMBER 19, 2025 JOINT STATUS REPORT**<br><br>Re: Dkt. No. 89 |

On September 19, 2025, the parties filed a joint status report regarding their efforts to reach agreement regarding an appropriate methodology and criteria for plaintiffs' discovery of relevant performance records responsive to plaintiffs' RFP 12, as well as appropriate means of protecting the privacy of employee performance records. Dkt. No. 89; *see* Dkt. No. 87 at 7. The parties do not agree about any of these matters. Having considered the parties' respective positions, as described in the status report, the Court resolves the remaining disputes as set forth below.

**1.     Plaintiffs' RFP 12**

With respect to plaintiffs' RFP 12, the Court orders as follows:

1. TSMC must produce responsive performance data for all employees located in the United States during the relevant period.
2. For purposes of this production, the "responsive performance data" must include at least the following fields/data, for each such employee:
   a. Unique employee ID number
   b. Name

      c. Race, national origin, and citizenship (to the extent the information is readily accessible)[1]

      d. Performance evaluation rating(s) or score(s)

      e. Indication of employment action(s) taken, including (i) promotion, (ii) placement on a performance improvement plan or corrective action plan, (iii) termination, (iv) voluntary resignation, (v) involuntary resignation.

3. At this time, TSMC is not required to produce performance review forms (including narratives), performance improvement/corrective action plans, or employee complaints or objections about performance-related issues.

4. By **October 8, 2025**, TSMC shall advise plaintiffs of a date certain upon which it will produce the responsive performance data described above.

The purpose of the production of this responsive performance data is to enable plaintiffs to develop statistical evidence of the alleged disparities in TSMC's treatment of employees based on race, national origin, or citizenship, *and* to enable TSMC to rebut plaintiffs' allegations of disparate treatment. Nothing prevents TSMC from producing additional data for these employees, including data corresponding to any other "important variables" TSMC believes bear on class certification. *See* Dkt. No. 89 at 8.

Once plaintiffs have an opportunity to review TSMC's production of this responsive performance data, they may renew their request for production of performance review forms (including narratives), performance improvement/corrective action plans, and other performance-related documentation for a sample of putative class members, assuming they can show that such production complies with Rule 26(b)(1). However, if it has not already done so, TSMC must immediately produce all performance records for the named plaintiffs. *See* Dkt. No. 87 at 6.

The Court is not persuaded that plaintiffs are entitled to discovery of all complaints or objections by any employee about any performance-related matter, and the status report does not

---

[1] See discussion of "readily accessible" forms of data in the Court's prior order, Dkt. No. 86 at 4.

address this aspect of RFP 12. As the Court observed in its prior order, plaintiffs' demand for this information is not sufficiently tethered to the class claims asserted, nor limited to the evidence they reasonably require to support those claims. *See* Dkt. No. 87 at 6; *see id.* 10-11 (addressing related RFPs 24 and 25).

Plaintiffs' RFPs 2 and 12 overlap in some respects. The Court has already ordered TSMC to produce documents responsive to RFP 2, including "employee's name" but excluding other data. *See* Dkt. No. 86 at 5-6. The Court does not revisit that decision here.

### 2.   Privacy Protections

Given the Court's resolution of the parties' dispute about TSMC's of performance data responsive to RFP 12, the Court concludes that employees' privacy interests can be adequately protected using the protections available under the existing protective order (Dkt. No. 64). TSMC's production of responsive performance data for RFP 12 will not include a "mass of narrative, free-form text" or "customer information protected by NDAs." *See* Dkt. No. 89 at 10.

**IT IS SO ORDERED.**

Dated: October 1, 2025

Virginia K. DeMarchi
United States Magistrate Judge