UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,<br><br>Defendants. | Case No. 24-cv-05684-VKD<br><br>**ORDER RE NOVEMBER 5, 2025 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 97 |

The parties ask the Court to resolve their dispute regarding whether TSMC[1] should be permitted to redact information pertaining to visa type and/or immigration status from documents that are otherwise responsive to plaintiffs' document requests, including specifically documents responsive to RFP 13. Dkt. No. 97. The Court held a hearing on this matter on November 18, 2025. Dkt. No. 99.

The Court previously ordered that TSMC need not produce visa and PERM application/green card information on an employee- or applicant-specific basis from its company-wide HR-related data sources in response to Plaintiffs' RFPs 1-4. *See* Dkt. No. 86. In so doing, the Court observed that "Plaintiffs do not allege discrimination based on visa type or immigration status, but only on the basis of race (not East Asian), national origin (not from Taiwan or China), and/or citizenship (not citizens of Taiwan or China)," and that "Plaintiffs do not explain why they require information about each applicant's or employee's 'visa type (if any)' or, for each employee, 'whether TSMC sought a permanent labor certification or green card on the

---

[1] This order refers to all defendants collectively as "TSMC."

employee's behalf'." *Id.* at 5.  However, the Court was not asked to decide whether references to visa type or immigration status can ever be relevant to any issue in this action.  Nor did the Court conclude that TSMC may unilaterally redact such information on "relevance" grounds from otherwise responsive documents.

A party generally may not redact or withhold from production irrelevant portions of a document that also contains relevant and responsive information.  *See Finjan, Inc. v. SonicWall, Inc.,* No. 17-cv-04467-BLF (VKD), 2020 WL 4192285, at *3 (N.D. Cal. July 21, 2020); *see also Doe v. Trump*, 329 F.R.D. 262, 276 (W.D. Wash. 2018) ("[T]he unilateral redaction of irrelevant or nonresponsive material from otherwise responsive documents gives rise to suspicion that relevant material harmful to the producing party has been obscured and tends to make documents confusing or difficult to use.") (internal quotation marks and citation omitted); *Live Nation Merch., Inc. v. Miller*, 2014 WL 1877912, at *2-*3 (N.D. Cal. May 9, 2014) (unilateral redaction is disfavored, particularly where a protective order can ensure confidentiality of sensitive information).  Thus, as a general matter, in this action neither TSMC nor Plaintiffs may redact information from otherwise responsive documents on grounds of relevance.

With respect to RFP 13, the Court has already ordered that TSMC must produce "all documents responsive to RFP 13, for the relevant time period."  Dkt. No. 87 at 7.  TSMC may not redact information from documents responsive to this document request on grounds of relevance.

During the hearing, TSMC expressed concern that some information—particularly employee names associated with visa type or immigration status—should be protected from disclosure because non-party employees have substantial privacy interests in that information.  *See also* Dkt. No. 97 at 6-7.  TSMC argues that these privacy interests outweigh Plaintiffs' interest in disclosure of irrelevant information, and TSMC proposes to redact only employee names.  Plaintiffs oppose redaction of employee names, arguing that in some circumstances these names will be relevant to a claim or defense and that the protective order affords non-party employees sufficient protection from inadvertent disclosure.  The record is not sufficiently developed to permit the Court to resolve the parties' dispute regarding possible redactions to protect non-party employee privacy.  For this reason, the Court orders further proceedings as follows:

2

1. By **December 2, 2025**, TSMC shall disclose to Plaintiffs' counsel not more than 5 documents with exemplary proposed redactions for privacy.
2. The parties shall confer regarding the proposed redactions and attempt to reach a resolution.
3. If a dispute remains, the parties may file a joint discovery dispute letter by **December 12, 2025** regarding this matter. Documents with disputed proposed redactions should be submitted for in camera review by the Court.
4. The parties may alter the above deadlines by stipulation filed with the Court.

**IT IS SO ORDERED.**

Dated: November 18, 2025

_Virginia K. DeMarchi_
Virginia K. DeMarchi
United States Magistrate Judge