UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al., <br><br> Defendants. | Case No.  24-cv-05684-VKD <br><br> **ORDER RE PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER** <br><br> Re: Dkt. No. 101 |

On November 18, 2025, plaintiffs filed an "Emergency Motion for a Protective Order," seeking to preclude TSMC employees from attending named plaintiffs' depositions. Dkt. No. 101. Given the time-sensitive nature of the matter, the Cout held a hearing on November 19, 2025. Dkt. No. 104. Upon consideration of the moving papers, as well as the oral arguments presented, and for the reasons discussed at the November 19, 2025 hearing, the Court grants plaintiffs' motion for protective order.

The Court has authority to issue a protective order under Rule 26(c), and in particular, subsection (c)(1)(E), which provides in relevant part:  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . designating the persons who may be present while the discovery is conducted." Plaintiffs have shown good cause for such a protective order. Moreover, the Court is not persuaded that defense counsel's ability to prepare for and conduct plaintiffs' depositions will be impeded if TSMC employees are not permitted to attend these depositions. Thus, the Court issues the following protective order, applicable to all parties, which shall apply to all fact witness depositions, unless the parties stipulate otherwise:

1. The only persons who may attend a deposition are the deponent, the deponent's attorney, outside counsel of record for the parties, and retained experts who could assist in questioning or in understanding the witness's testimony.

2. The deposition location must be a professional setting, with limited distractions, such as a conference room in an attorney's office or a similar location.  It is not appropriate to conduct the deposition at defendants' facilities, unless the parties agree to do so in advance.[1]

3. The deposition of plaintiff McKinley, which is already scheduled for November 20, 2025, shall be conducted by Zoom video conference on that date, unless the parties stipulate otherwise.  Counsel shall immediately confer regarding how to proceed with the remaining depositions scheduled to occur in November 2025.  As previously ordered by the Court, "neither plaintiffs nor defendants have an absolute right to dictate the order of these depositions," and the parties shall "work cooperatively to schedule named plaintiffs' depositions to minimize delay and accommodate the deponents' genuine scheduling constraints."  Dkt. No. 79 at 3.

4. All counsel are directed to read and comply with this District's Civil Local Rule 30 regarding depositions.  The Court expects the parties to cooperate in the scheduling of depositions.

5. At Ms. Howington's election, her re-scheduled deposition shall occur at a suitable location convenient to her residence.

**IT IS SO ORDERED.**

Dated: November 19, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[1] At the hearing, defendants stipulated that no depositions will occur at TSMC's facilities.