UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH HOWINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,<br><br>Defendants. | Case No.  24-cv-05684-VKD<br><br>**ORDER RE PLAINTIFFS' MOTION TO COMPEL DISCOVERY; REQUIRING STATUS REPORT**<br><br>Re: Dkt. No. 111 |

As permitted by the Court (Dkt. No. 110), plaintiffs filed a motion to compel discovery from TSMC.[1]  The Court held a hearing on this motion, as well as status conference regarding the progress of discovery, on January 27, 2026.  Dkt. No. 118.

For the reasons explained on the record during the hearing, and as summarized below, the Court resolves the motion to compel discovery as follows:

**1.     Non-Custodial ESI responsive to Plaintiffs' RFPs 7, 13, 16-19, 25, and 27**

The parties disagree about whether TSMC has substantially completed its production of non-custodial ESI, particularly with respect to data plaintiffs require in order to perform statistical analyses regarding the alleged disparate treatment of workers by race, national origin, and/or citizenship.  During the hearing, plaintiffs identified several specific examples of gaps they have identified in TSMC's production.  TSMC explained that different defendants may not maintain the same data in the same form, or at all, and that obtaining the data plaintiffs have asked for is difficult given the security measures that limit access to the relevant data sources.

---

[1] This order refers to all defendants collectively as "TSMC."

Based on the discussion at the hearing, the Court orders counsel for the parties to confer specifically about the gaps plaintiffs identify in TSMC's production, and further orders TSMC to investigate and remedy any such gaps for which data is available but has not been produced. For RFPs 16-19, TSMC need only produce aggregate numerical data, not individual-specific data.

The parties shall jointly report on the status of TSMC's production of this non-custodial ESI data by **February 24, 2026**.

### 2.    Plaintiffs' RFP 33

The Court denies plaintiffs' request for an order compelling TSMC to produce documents responsive to RFP 33 as currently written because it is overbroad. As discussed at the hearing, plaintiffs may withdraw RFP 33 and serve a revised document request in its place (or with a new number) that specifically describes the documents or communications plaintiffs explained they require. After receiving the revised document request, TSMC shall investigate whether any such responsive documents or communications exist and shall produce all non-privileged documents. If TSMC contends no responsive documents exist, TSMC shall produce, as it has proposed to do (*see* Dkt. No. 112 at 15), all meeting minutes of the TSMC Board of Directors for the relevant time period, so that plaintiffs can confirm that at least no responsive communications were addressed during the board meetings.[2]

The parties shall jointly report on the status of their efforts to resolve this dispute by **February 24, 2026**.

### 3.    Custodial ESI: Custodians and Search Terms

The parties disagree about whether ESI should be collected, reviewed, and produced from four specific TSMC custodians, and they disagree more broadly regarding the selection and applications of search terms to custodial ESI.

*Custodians*:  TSMC objects to plaintiffs' demand for ESI from the following TSMC personnel:  (1) Rose Castanares, President of defendant TSMC Arizona; (2) Y.H. Wu, Vice President of Manufacturing at TSMC in Taiwan and formerly "one of three leaders of" TSMC

---

[2] As discussed at the hearing, TSMC's counsel shall confirm his authority to produce all such minutes.

United States District Court
Northern District of California

Arizona; (3) H.T. Yang, Fab Director for defendant TSMC Arizona; and (4) Lynette Ng, Senior Director of Human Resources of defendant TSMC Ltd.  Dkt. No. 112 at 20.  TSMC refers to all four as "high-level employees," and argues that these individuals should be protected from discovery by the so-called "apex" doctrine.  *Id.*  TSMC asserts that these custodians' documents are likely duplicative of those in the files of other "lower-level" custodians.  *Id.* at 20-21.  Plaintiffs respond that the apex doctrine does not apply to document requests.  Dkt. No. 111 at 19-20.  They  argue that the operative complaint identifies each of these individuals and includes allegations regarding their specific conduct that forms the bases for plaintiffs' claims.  *See id.*; Dkt. No. 113 at 11-12.

The Court agrees with plaintiffs that, as a general matter, the apex doctrine does not apply to document discovery, but only to deposition discovery.  *See, e.g., Affinity Credit Union v. Apple Inc.*, No. 22-cv-04174-JSW, 2024 WL 3859802, at *2 (N.D. Cal. Aug. 16, 2024); *Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-cv-00404 LHK (VKD), 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019); *see also Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263-64 (N.D. Cal. 2012) (describing purpose of apex doctrine and its application with respect to depositions).  Rather, discovery from the disputed custodians is guided by application of Rule 26, which permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  The Court must protect another party from discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, and may issue a protective order upon a showing of good cause.  *See* Fed. R. Civ. P. 26(b)(2)(C), (c).

Here, plaintiffs have explained why these four individuals are likely to have documents relevant to a claim or defense.  While TSMC identifies these custodians as high-level executives who fall within the ambit of the apex doctrine, it has not shown that collecting documents from these individuals would be cumulative or duplicative of document discovery from other sources.  The Court is not persuaded that all of these custodians properly may be considered apex witnesses, but even if they could be, TSMC also has not shown that collecting documents from them would impose an undue burden on any of them individually or on any defendant.  *See Affinity Credit*

United States District Court
Northern District of California

3

*Union*, 2024 WL 3859802, at *2 ("The apex doctrine loses relevance in the context of document production because documents may be produced with no or minimal involvement of the apex witness.").

However, the Court does not, in this order, conclude that TSMC must collect, review, and produce documents from all custodians plaintiffs have identified. Rather, as discussed at the hearing, the Court requires the parties to confer further to resolve any remaining disagreements about the custodians from whom ESI will be collected.

*Search terms*: The parties have made little progress in identifying search terms or other techniques that will facilitate TSMC's review and production of responsive custodial ESI. Greater cooperation and transparency is required. During the hearing, the Court shared some observations and suggestions that the parties should consider. The Court expects the parties to heed that guidance and to focus on problem-solving.

The parties shall jointly report on the status of their efforts to resolve their dispute regarding custodians, search terms, and other techniques for facilitating the review and production of ESI by **February 24, 2026**.

### 4.   Plaintiffs' RFP 27

The Court agrees with plaintiffs that TSMC's practice of producing a large number of selected documents responsive to RFP 27 a few days before a witness's deposition prejudices plaintiffs' counsel's ability to adequately prepare the witness for the deposition. This prejudice can be mitigated by, for example, prioritizing the production of custodial and non-custodial ESI for a particular witness so that TSMC can produce substantially all responsive documents for the witness's deposition by a reasonable date in advance of that deposition. Again, this requires the parties to cooperate.

As to this particular RFP, it should not be difficult for the parties to identify the relevant custodians for each named plaintiff and the non-custodial records that pertain to each named plaintiff. The remaining named plaintiffs' depositions should be scheduled to ensure that TSMC can produce substantially all documents responsive to RFP 27 for each named plaintiff reasonably in advance of that plaintiff's deposition, as opposed to just the subset of documents TSMC wishes

United States District Court
Northern District of California

to use in the deposition. The guidance provided above regarding custodial ESI generally applies to RFP 27 as well.

The parties shall jointly report on the status of their efforts regarding production of documents responsive to RFP 27 by **February 24, 2026**.

\*\*\*

The parties' joint status report, due to be filed February 24, 2026, must not include argument or attachments. The status report must not exceed 1,000 words total.

**IT IS SO ORDERED.**

Dated: January 29, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

5