UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DEBORAH HOWINGTON, et al.,

Plaintiffs,

v.

TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,

Defendants.

Case No. 24-cv-05684-VKD

**ORDER RE JULY 7, 2026 DISPUTE RE ESI CUSTODIANS**

Re: Dkt. No. 153

The parties ask the Court to resolve their dispute regarding whether TSMC[1] should be required to search the custodial files of Y.H. Wu and H.T. Yang for responsive ESI. Dkt. No. 153. Mr. Wu is the Vice President of Quality & Reliability of TSMC Ltd., and the former Fab Director of TSMC Arizona. *Id.* at 1. Mr. Yang is the current Fab Director of TSMC Arizona. *Id.* The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

According to plaintiffs, during the relevant time period, Mr. Wu was responsible for the final hiring decisions for all manufacturing roles at TSMC Arizona. *Id.* at 2; Dkt. No. 113-6 ¶ 3. Plaintiffs contend that Mr. Wu was aware of TSMC's alleged discriminatory hiring practices, engaged in such discriminatory hiring practices himself, and effectively "constrained" the discretion subordinate managers had to make hiring decisions free from discrimination. Dkt. No. 153 at 2; *see also* Dkt. No. 75 ¶ 194. Similarly, plaintiffs contend that Mr. Yang, as the current Fab Director, has instructed recruiters to seek out young, inexperienced workers in lieu of older American workers, and instructed the company's HR department to change TSMC's progressive

[1] This order refers to all defendants collectively as "TSMC."

discipline process to make it easier to "fire Americans."[2] Dkt. No. 153 at 2; Dkt. No. 113-6 ¶ 4; *see also* Dkt. No. 75 ¶¶ 209, 211. Plaintiffs argue that Mr. Wu and Mr. Yang are "critical" ESI custodians, as they are likely to have communications with TSMC "leadership and the Heads of TSMC's various departments who are not custodians in this case," as well as with TSMC employees responsible for "recruitment, hiring, staffing, localization/diversity efforts, and the like." Dkt. No. 153 at 1, 3.

TSMC objects on two grounds. It argues that plaintiffs have not shown that Mr. Wu and Mr. Yang have "uniquely relevant" ESI, and that plaintiffs' demands are not proportional to the needs of the case. Dkt. No. 153 at 4-6. Specifically, TSMC argues that, despite Mr. Wu's and Mr. Yang's positions as executives responsible for manufacturing, their responsive documents principally include communications with others whose documents have already been collected. *Id.* at 6. TSMC advises that it has already agreed to collect and produce documents for 89 custodians, including plaintiffs' supervisors and 29 additional custodians, and it argues plaintiffs have not shown that Mr. Wu and Mr. Yang are likely to have responsive documents that cannot be obtained from these other sources. *Id.* at 4, 5-6. Further, TSMC asserts that collection and review of Mr. Wu's and Mr. Yang's custodial documents is particularly burdensome because they include a high percentage of trade secret and confidential information that requires a particular review process.[3] *Id.* at 4, 5.

In a prior order, the Court observed that Mr. Wu and Mr. Yang likely have documents relevant to a claim or defense, based on the allegations in the operative complaint. *See* Dkt. No. 119 at 3. But relevance alone is not enough. The question is whether requiring TSMC to collect, review, and produce custodial ESI from Mr. Wu's and Mr. Yang's files now is proportional to the

[2] It is not clear what plaintiffs mean by "Americans," here. The operative complaint makes claims of discrimination on behalf putative class members who are "not of East Asian race, not of Taiwanese or Chinese national origin, and who are not citizens of Taiwan or China." Dkt. No. 75 ¶ 1. "Americans" is not coextensive with class membership. Americans can be and are of East Asian race and Taiwanese or Chinese national origin. They can also be dual citizens of the United States and Taiwan, although maybe not dual citizens of the United States and China.

[3] TSMC refers to a process required for "Security A and AA documents" but does not describe what these designations mean or what the process entails. *See* Dkt. No. 153 at 5 6.

needs of the case, or whether such discovery is unreasonably cumulative or duplicative, or unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C), (c).

Given plaintiffs' allegations regarding Mr. Yang's role and conduct, the Court is not persuaded that Mr. Yang has unique, relevant information regarding instructions to recruiters and changes to TSMC's progressive discipline process. As plaintiffs concede, these instructions were communicated to HR personnel and others whose files are already subject to review and production, and thus, searching Mr. Yang's files for these same communications would be duplicative and cumulative of discovery plaintiffs have already obtained or will obtain. Plaintiffs' assertion that only Mr. Yang's own files contain ESI concerning Mr. Yang's "discriminatory motive" behind the instructions he gave appears to be based on speculation and conjecture. *See* Dkt. No. 153 at 3-4. Moreover, as TSMC points out, Mr. Yang's alleged conduct concerns TSMC's efforts to recruit and retain younger "non-American" workers—a group that does not map to the putative classes, whose members are described as "not of East Asian race, not of Taiwanese or Chinese national origin, and who are not citizens of Taiwan or China," without regard to age or U.S. citizenship. *See* Dkt. No. 75 ¶¶ 209, 211. Given the extensive document collection and review TSMC has already undertaken, the possibility of discovering documents reflecting Mr. Yang's motive for alleged discrimination against older "American" workers does not outweigh the burden TSMC describes. Accordingly, the Court denies plaintiffs' request for an order requiring TSMC to collect and review Mr. Yang's custodial ESI.

The Court reaches a different conclusion with respect to Mr. Wu. Plaintiffs allege that Mr. Wu is and was the final (albeit not exclusive) decision-maker regarding hiring for manufacturing roles at TSMC Arizona, and that he effectively set the challenged discriminatory practices for recruitment and hiring by subordinates in addition to engaging in the challenged discrimination himself. *See* Dkt. No. 75 ¶ 194 *see also* Dkt. No. 113-6 ¶ 3. Given his role as a senior executive and decision-maker, Mr. Wu is likely to have unique information relevant to plaintiffs' claims. Unlike for Mr. Yang, plaintiffs have shown that Mr. Wu's custodial ESI is likely to contain information reflecting decisions that are directly relevant to plaintiffs' discrimination claims, and the Court is not persuaded that this information can be found in the document production from

United States District Court
Northern District of California

other custodians that TSMC has already undertaken. *See In re Meta Pixel Healthcare Litig.,* No. 22-cv-03580-WHO (VKD), 2023 WL 5767460, at *2 (N.D. Cal. Sept. 6, 2023) (permitting discovery of custodial ESI of executives responsible for relevant decisions central to plaintiffs' claims); *cf. Handloser v. HCL Am., Inc*., No. 19-cv-01242-LHK (VKD), 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020) (denying discovery of additional custodians' ESI where prior order required showing of good cause to add custodians, and plaintiffs failed to show that additional custodians were likely to have information not already available from existing custodians). However, the Court credits TSMC's representations that the burden of collecting and reviewing all of Mr. Wu's ESI is particularly burdensome. Having considered plaintiffs' proposals for limiting the scope of discovery from Mr. Wu, as well as TSMC's objections that those proposals are insufficient, the Court concludes that, with appropriate limits on collection and review, the burden of producing Mr. Wu's ESI does not outweigh plaintiffs' need for this discovery.

Accordingly, the Court orders TSMC to collect, review, and produce Mr. Wu's custodial ESI, subject to the following limitations:

1. TSMC need only collect Mr. Wu's custodial ESI from January 1, 2022 through December 31, 2025 (unless the parties have agreed to a different, earlier document production cutoff date).
2. TSMC need only search for and produce the following categories of ESI regarding the alleged discriminatory employment practices, assuming the documents are otherwise responsive to plaintiffs' document requests: (1) documents, other than communications, that refer to or reflect Mr. Wu's own decision-making, and (2) communications with TSMC "leadership and the Heads of TSMC's departments who are not custodians in this case" (*see* Dkt. No. 153 at 3).
3. The parties must negotiate and agree upon a set of search terms and parameters that will reasonably capture the scope of production described in item 2 and, to the extent possible, exclude irrelevant information (*e.g.,* information regarding TSMC trade secrets) and avoid duplication (*e.g.*, communications with existing ESI custodians).
4. This order is without prejudice to TSMC's application for a cost-shifting order at a

later time, if warranted by the circumstances (*see id.* at 7).

**IT IS SO ORDERED.**

Dated: July 27, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California