United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DEBORAH HOWINGTON, et al.,

Plaintiffs,

v.

TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., et al.,

Defendants.

Case No. 24-cv-05684-VKD

**ORDER RE JULY 7, 2026 DISCOVERY DISPUTE RE RFPS 63 AND 64**

Re: Dkt. Nos. 154, 155

Plaintiffs seek an order requiring TSMC[1] to produce electronically stored information ("ESI") responsive to the following document requests:

> RFP 63 (as modified): All documents and communications [from August 22, 2019 forward] concerning any actual or alleged misconduct, illegal acts, or violation of TSMC policies, practices, rules, or procedures by [redacted] (e.g., the sexual assault alleged in Paragraph 210 of the Second Amended Complaint and other actual or alleged misconduct by [redacted]), including but not limited to, communications with [redacted], communications with [redacted], documents drafted or created by Human Resource personnel, PowerPoint presentations or slide decks concerning [redacted], MS Teams messages, email communications, and all agreement(s) involving the payment of money to a person who accused [redacted] of actual or alleged misconduct (including sexual activity).
>
> RFP 64 (as modified): All documents and communications concerning agreement(s) signed by [redacted] and/or her representative [that related to the allegations in Paragraph 210 of the Second Amended Complaint].

[1] This order refers to all defendants collectively as "TSMC."

Dkt. No. 155 at 1-2, Ex. B.[2] TSMC objects that these requests are untethered to plaintiffs' discrimination and hostile work environment claims and far exceed the scope of permissible, relevant discovery. *Id.* at 4.

The Court agrees with TSMC. Plaintiffs have not shown that the broad discovery they seek—ESI concerning a TSMC employee's "actual or alleged" misconduct, illegal acts, or violations of company rules, or concerning the settlement agreement with the victim of the assault described in paragraph 210 of the operative complaint—is relevant to any claim or defense. As the Court has previously observed:

> Records that allow a plaintiff to develop statistical evidence showing disparities in the employment decisions at issue are 'unquestionably relevant' in a disparate treatment action. *Diaz v. Am. Telephone & Telegraph,* 752 F.2d 1356, 1362-1363 (9th Cir. 1985); *see also Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 339-340 (1977) (discussing statistical evidence in pattern or practice cases). However, meaningful statistical evidence must be tethered to, among other things, the challenged employment decisions and the relevant comparators. *See, e.g., Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307-309 (1977).

Dkt. No. 87 at 6. Specifically, plaintiffs have not shown that the specific incident alleged in paragraph 210 of the operative complaint concerns an appropriate comparator, involves a supervisor in common with a named plaintiff, or is otherwise relevant to support their theory that class members were disciplined more severely than non-class members based on a discriminatory pattern or practice. But even if plaintiffs could make such a showing, they offer an entirely insufficient justification for demanding "all documents and communications" within the scope of these requests, particularly as to RFP 63. As for RFP 64, plaintiffs offer no persuasive justification for requiring TSMC to produce "all documents and communications" regarding the agreement with the victim of the assault alleged in paragraph 210.

[2] Good cause appearing, the Court grants the joint motion to seal portions of the parties' discovery letter brief and exhibits. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Dkt. No. 36. All materials provisionally filed under seal shall remain sealed.

United States District Court
Northern District of California

To the extent plaintiffs argue that they are looking for documents to "br[ing] the cold numbers convincingly to life" for class certification, *see* Dkt. No. 155 at 2-3 (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 339 (1977)), they fail to explain how the discovery they seek in RFPs 63 and 64 serves that purpose. Indeed, plaintiffs' purported rationale would, if adopted, permit discovery of every instance of actual or alleged misconduct by any TSMC employee who is not a member of the putative class. The Court has previously rejected plaintiffs' overreliance on *Teamsters* for broad discovery requests like these:

> If plaintiffs seek discovery of all performance records so that they may rummage through them for "personal experiences" that "[bring] the cold numbers convincingly to life," *Teamsters*, 431 U.S. at 339, the Court will not permit a fishing expedition through TSMC's performance records for this purpose.

Dkt. No. 87 at 6 n.2; *see also id.* at 10-11 (addressing RFPs 24 and 25).[3]

To be clear, the Court does not decide here that the circumstances alleged in paragraph 210 of the operative complaint are irrelevant to plaintiffs' claims. The Court decides only that plaintiffs are not entitled to an order compelling production of ESI responsive to RFPs 63 and 64.

**IT IS SO ORDERED.**

Dated: July 27, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge

---

[3] In *Teamsters*, the evidence that brought the statistical evidence "convincingly to life" was not evidence of others' misconduct, but the testimony of individual employees who "recounted over 40 specific instances of discrimination" by their employer from their own personal experiences. *Teamsters*, 431 U.S. at 338.