DANIEL LOW, SBN 218387
dlow@kotchen.com
DANIEL KOTCHEN (*pro hac vice*)
dkotchen@kotchen.com
LINDSEY GRUNERT (*pro hac vice*)
lgrunert@kotchen.com
AMANDA BURNS (*pro hac vice*)
aburns@kotchen.com
KOTCHEN & LOW LLP
712 H Street NE, #806
Washington, DC 20002
Telephone: (202) 471-1995
Facsimile: (202) 280-1128

*Attorneys For Plaintiffs and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

Deborah Howington, James Perry, Elena Huizar, Lacey Bostick, Modupe Adesemoye, Marc Popisteanu, Nicole Carrier, Michael Winn, Edward McKinley, Wendy Lara Prieto, Luis Zepeda, Phillip Sterbinsky, Samuel Langley, Kevin Driggs, Michelle Bernardo, Victoria Teixeria, Antonio Fisher, Jyni Wyse, Marcus Hernandez, Hunter Haley, Mark Lindley, Terrence Holmes, David Amiri, Alex Vonica, Kerrick Brookins, Rosalie Kitagawa, and Cody Block,

Plaintiffs,

v.

Taiwan Semiconductor Manufacturing Co. Ltd., TSMC North America, TSMC Technology, Inc., TSMC Arizona Corporation, and TSMC Washington, LLC,

Defendants.

Case No. 5:24-cv-05684-VKD

**CLASS ACTION**

**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CURATIVE NOTICE TO PUTATIVE CLASS MEMBERS WHO SIGNED SEPARATION AND RELEASE AGREEMENTS WITH DEFENDANTS AND TO CORRECT LANGUAGE IN DEFENDANTS' SEPARATION AND RELEASE AGREEMENTS**

Hon. Virginia K. DeMarchi

Date: November 24, 2026
Time: 10:00 a.m.
Location: Courtroom 2 – 5th Floor

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on November 24, 2026 at 10:00 a.m., or as soon as they may be heard, in Courtroom 2 of this Court, located at 280 South 1st Street, San Jose, California 95113, Plaintiffs, through their undersigned counsel, will and hereby do move this Court for an Order pursuant to Federal Rule of Civil Procedure 23(d), ordering that curative notice be sent to putative class members who signed separation and release agreements with Defendants TSMC North America, TSMC Technology, Inc., TSMC Arizona Corporation, and/or TSMC Washington, LLC ("TSMC") that post-dated the filing of the Complaint in this matter on August 22, 2024. *See* Dkt. 1.

In mid-August, Plaintiffs learned that TSMC has been providing certain separating employees, includin utative class members, with se aration and release a reements. While those a reements [redacted] a gender discrimination class action where Plaintiffs' counsel, Kotchen & Low LLP, also represent the plaintiff and the putative class, the separation and release agreements contain a number of deficiencies which preclude putative class members from making an informed decision as to whether they wish to participate in these actions or waive their rights. Specifically, the separation and release agreements fail to apprise putative class members of the important civil rights they are releasing by signing the agreement, the effect of releasing those rights, contact information for Plaintiffs' counsel, and information about the status of the cases. *See Cheverez v. Plains All Am. Pipeline, LP*, No CV 15-4113, 2016 U.S. Dist. LEXIS 27818, at *12, 19 (C.D. Cal. Mar. 3, 2016) (ordering curative notice where the release "notifie[d] victims that a consolidated class action exist[ed], [but did] not provide additional information, such as an explanation of the Plaintiffs' claims or the contact information for Plaintiffs' counsel"). As such, curative notice is warranted, TSMC should be ordered to correct the language in its separation and release agreements to provide the aforementioned information, and TSMC should be ordered to provide Plaintiffs with the names and contact information of putative class members who signed the release agreements.

This motion is based upon this Notice of Motion, the supporting memorandum, the Declaration of Lindsey Grunert, all accompanying exhibits, and such argument as the Court may allow.

DATED: October 16, 2026

Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)

*Attorney for Plaintiffs and the Putative Classes*

## TABLE OF CONTENTS


TABLE OF CONTENTS ..... IV

TABLE OF AUTHORITIES ..... V

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. STATEMENT OF ISSUES TO BE DECIDED ..... 2

II. BACKGROUND ..... 2

A. THE *HOWINGTON* AND *YEH* CLASS ACTIONS ..... 2

B. TSMC'S SEPARATION AND RELEASE AGREEMENTS ..... 3

III. LEGAL STANDARD ..... 5

IV. ARGUMENT ..... 6

A. TSMC'S SEPARATION AND RELEASE AGREEMENTS ARE MISLEADING AS THEY FAIL TO PROVIDE SUFFICIENT INFORMATION FOR PUTATIVE CLASS MEMBERS TO MAKE AN INFORMED DECISION ABOUT WAIVING THEIR RIGHTS. 7

B. TSMC'S MATERIAL OMISSIONS RENDER THE SETTLEMENT AND RELEASE AGREEMENTS MISLEADING, WARRANTING CURATIVE NOTICE. ..... 10

C. TSMC SHOULD BE ORDERED TO CORRECT THE MATERIAL OMISSIONS IN ITS SEPARATION AND RELEASE AGREEMENTS AND TO PROVIDE TO PLAINTIFFS THE NAMES AND CONTACT INFORMATION FOR PUTATIVE CLASS MEMBERS WHO SIGNED THE AGREEMENTS. ..... 11

V. CONCLUSION ..... 12

## TABLE OF AUTHORITIES

**CASES**

*Camp v. Alexander*, 300 F.R.D. 617, 620 (N.D. Cal. 2014) .... 8, 10

*Cnty. of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2010 U.S. Dist. LEXIS 78312 (N.D. Cal. July 8, 2010) .... 6, 7, 8, 10

*F.G. v. Coopersurgical, Inc.*, No. 24-cv-01261-JST, 2024 U.S. Dist. LEXIS 90329 (N.D. Cal. May 20, 2024) .... 12

*Gonzalez v. Preferred Freezer Servs. LBF, LLC*, No. CV 12-03467-ODW (FMOx), 2012 U.S. Dist. LEXIS 139764 (C.D. Cal. Sep. 27, 2012) .... passim

*Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981) .... 6

*In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088 (5th Cir. 1977) .... 5

*Kirby v. Kindred Healthcare Operating*, No. 15:10-cv-00833, 2020 U.S. Dist. LEXIS 146449 (C.D. Cal. May 1, 2020) .... passim

*Kutzman v. Derrel's Mini Storage, Inc.*, 354 F. Supp. 3d 1149 (E.D. Cal. 2018) .... 7, 8, 9, 11

*Marino v. CACafe, Inc.*, No. 16-cv-6291 YGR, 2017 U.S. Dist. LEXIS 64947 (N.D. Cal. Apr. 28, 2017) .... 6, 9

*O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2014 U.S. Dist. LEXIS 61066 (N.D. Cal. May 2, 2014) .... 7, 10

*Slavkov v. Fast Water Heater I, LP*, No. 14-cv-04324-JST, 2015 U.S. Dist. LEXIS 149013 (N.D. Cal. Nov. 2, 2015) .... 5, 8, 9, 10

**OTHER AUTHORITIES**

*Manual for Complex Lit.* (4th ed.) .... 5

**RULES**

Fed. R. Civ. P. 23 .... 6, 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

In mid-August 2026, Plaintiffs learned that TSMC was providing separation and release agreements titled [redacted] to departing employees, including putative class members, that did not [redacted] the rights they were waiving by signing the release, the contact information for Plaintiffs' counsel, nor any details concerning the status of the cases. Upon learning of these deficiencies, Plaintiffs attempted to resolve the issue informally with TSMC. Plaintiffs asked TSMC to provide the names and contact information for putative class members who had been offered and signed the agreements, and to cease offering the agreements to separating employees until the language in the agreements was corrected. Ex. 2 at 7-12. TSMC refused, necessitating the instant motion. *Id.* at 11.

This is an important civil rights class action where Plaintiffs allege that TSMC engages in a pervasive pattern-or-practice of discrimination against non-East Asian individuals, those who are not of Taiwanese or Chinese national origin, and U.S. citizens. Dkt. 75 ¶¶ 1-3. Plaintiffs bring claims of race, national origin, and citizenship discrimination against TSMC, along with hostile work environment claims. *Id.* ¶¶ 3, 338, 347-380. In *Yeh v. Taiwan Semiconductor Manufacturing Co. Ltd.,* a class action lawsuit pending in the Western District of Washington, the plaintiff alleges, on behalf of herself and a class, that TSMC discriminates on the basis of gender against female applicants and employees and brings class disparate treatment and disparate impact claims on the basis of sex. Compl. ¶¶ 1-5, 51, 60-68, Dkt. 1, No. 3:26-cv-05388 (W.D. Wash. Apr. 16, 2026).

While TSMC's se aration and release a reements [redacted] Ex. 1 at 4, the agreements fail to disclose to separating employees the claims at issue in each lawsuit (nor that both actions involve discrimination claims), which is necessary for putative class members to make an informed decision about waiving their rights. The agreements also [redacted] and fail to provide contact information for Plaintiffs' counsel, an important piece of information necessary for individuals who wish to speak to counsel to learn more about the lawsuits and to fully understand the

effect of signing a release, and information concerning the status of the cases. Because TSMC will not agree to voluntarily provide contact information for putative class members who signed a separation and release agreement, nor to correct the agreements so that they provide sufficient information for individuals to make an informed decision about waiving their rights, curative notice is warranted, and TSMC should be ordered to correct the language in its separation and release agreements to address these material omissions.

## I. STATEMENT OF ISSUES TO BE DECIDED

Whether (1) TSMC's separation and release agreements contain material omissions which preclude putative class members from making an informed decision about waiving their rights and which render the agreements "misleading;" (2) whether curative notice should be sent to putative class members who signed separation and release agreements with TSMC that post-dated the filing of the Complaint in this action; (3) whether TSMC must correct its separation and release agreements so that the agreements provide putative class members with sufficient information in order to make an informed decision about waiving their rights, including by disclosing the nature of the claims in this action and the *Yeh* action, the impact and effect of releasing their rights by signing the agreements, Plaintiffs' counsel's contact information, and the status of the cases; and (4) whether TSMC should be ordered to provide Plaintiffs with the names and contact information of putative class members who signed the separation and release agreements.

## II. BACKGROUND

### A. <u>The *Howington* and *Yeh* Class Actions.</u>

Plaintiff Howington filed this class action lawsuit on August 22, 2024, Dkt. 1, alleging that TSMC engages in a pervasive pattern or practice of discrimination in its hiring and employment practices against non-East Asians, non-Taiwanese/Chinese individuals, and U.S. citizens in violation of Section 1981 and Title VII, and that TSMC creates a hostile work environment for these same groups. Dkt. 75 ¶¶ 1-3, 47-64, 338, 347-380. This action is brought on behalf of the following classes:

> All non-East Asian, non-Taiwanese, and non-Chinese individuals who: (1) applied for positions with or within TSMC North America, TSMC Technology, TSMC Arizona and/or TSMC Washington in the United States and were not hired, (2) were employed by one or more of these entities (including contractors), but were not promoted, and/or (3) were

> employed by one or more of these entities (including contractors) and were involuntarily terminated or constructively discharged.
>
> All individuals who are not Taiwanese or Chinese citizens who: (1) applied for positions with or within TSMC North America, TSMC Technology, TSMC Arizona and/or TSMC Washington in the United States and were not hired, (2) were employed by one or more of these entities (including contractors), but were not promoted, and/or (3) were employed by one or more of these entities (including contractors) and were involuntarily terminated or constructively discharged.

*Id.* ¶ 338.

On April 16, 2026, Yi-Nung Yeh, a former employee of TSMC Washington, LLC, filed a class action law against TSMC in the Western District of Washington, alleging that TSMC discriminates against female applicants and employees in its employment practices in violation of Section 1981 and Title VII. Compl. ¶¶ 1-5, Dkt. 1, *Yeh v. Taiwan Semiconductor Manufacturing Co. Ltd., et al*, No. 3:26-cv-05388 (W.D. Wash. Apr. 16, 2026) (naming same five defendants as the *Howington* action). Ms. Yeh seeks to represent the following class:

> All women who applied for positions with TSMC in the United States and were not hired, who were employed by TSMC in the United States and were not promoted, who were employed by TSMC in the United States and were underpaid compared to men, and/or who were employed by TSMC in the United States and were terminated and/or constructively discharged.

*Id.* ¶ 51.

**B. <u>TSMC's Separation and Release Agreements.</u>**

In mid-August, Plaintiffs learned that TSMC had been offering separating employees includin putative class members, separation and release agreements. Grunert Decl. ¶ 2; *see, e.g.*, Ex. 1 [redacted] but do not explain what that term means, and do not provide any further information as to the status of the cases. *Id.* [redacted]

While the se aration and release a reements inform utative class members that [redacted] the agreements do not include a description of the class claims (or any mention of the fact that both actions involve discrimination claims), nor the proposed classes that *Howington* and *Yeh* are seeking to certify and represent. *Id.* And copies of the operative complaints are not appended to the agreements. *Id.* The a reements also [redacted] *Id.* Nor do the agreements provide the name or contact information for Plaintiffs' counsel, Kotchen & Low LLP. *Id.*

Just days after learning that TSMC was offering putative class members these agreements, Plaintiffs attempted to resolve deficiencies associated with the agreements with TSMC informally. Grunert Decl. ¶ 3. On August 11, 2026, Plaintiffs emailed TSMC their concerns with respect to the language in the separation and release agreements, including that the agreements "fail[] to disclose the nature of the claims at issue" such that "putative class members who are offered the separation and release agreement have no way of knowing what claims they are releasing" and that "the agreement[s] do[] not provide Plaintiffs' counsel's names and contact information, which is required." Ex. 2 at 11-12. Plaintiffs asked that TSMC immediately cease from offering these agreements to separating employees until they are corrected and requested that TSMC provide the name and contact information for class members who had been offered and signed the agreements. *Id.* at 12. TSMC refused to correct the agreements or to provide the requested information, responding on August 19, 2026 that "Defendants will continue to manage their business." *Id.* at 11.

On August 20, 2026, Plaintiffs reiterated their concerns with TSMC's separation and release agreements, which TSMC did not address in its Au ust 19 res onse, and further noted that "the release re uires utative class members to [redacted] and [which] leaves putative class members, who are not attorneys, wondering what is permitted, and not permitted, if they sign the separation and release agreement." *Id.* at 10. Plaintiffs asked again that TSMC provide the names and contact information for class members who had been offered and signed the agreements. *Id.* Plaintiffs informed TSMC that they intended to move for an order requiring that curative notice be issued by TSMC to putative class members

who signed the releases. *Id*. TSMC did not respond to Plaintiffs' August 20, 2026 email. Grunert Decl. ¶ 4.

On August 28, 2026, Plaintiffs issued a document request to TSMC, seeking all agreements from August 22, 2024 forward (the date the Complaint was filed in this matter), signed by employees departing TSMC North America, TSMC Technology, Inc., TSMC Arizona Corporation, and/or TSMC Washington, LLC that contained a release of discrimination, hostile work environment, and/or retaliation claims, or a general release clause that would encompass such claims. Ex. 2 at 9; Ex. 3 at 7-8. Plaintiffs asked that TSMC provide the requested documents as soon as possible, rather than in 30 days (the timeframe set forth in the requests), so that they could expedite the filing of this motion. Ex. 2 at 9. Plaintiffs further noted that they were exploring their options, but that "at a minimum, TSMC needs to revise the agreements . . . and that corrective notice should be issued to putative class members who signed the releases." *Id*. TSMC did not respond to Plaintiffs' email. Grunert Decl. ¶ 5.

On September 28, 2026—30 days later—TSMC issued its responses and objections to Plaintiffs' document request. Ex. 4. TSMC objected to the request on various grounds, including relevance and privilege, and refused to produce the requested documents. *Id.* at 4-5 ("Based on the foregoing objections, Defendants are withholding documents responsive to this request, to the extent any such documents exist.").[1]

## III. LEGAL STANDARD

In seeking a release from putative class members, defendants "may not give . . . misleading[] . . . information[or] . . . conceal material information." *Manual for Complex Lit.* § 21.12 (4th ed. 2004).

Communications about the release of claims must "'contain an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member.'" *Slavkov v. Fast Water Heater I, LP*, No. 14-cv-04324-JST, 2015 U.S. Dist. LEXIS 149013, at *6-7 (N.D. Cal. Nov. 2, 2015) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104 (5th Cir. 1977)). In order for putative class members to make an informed decision about waiving their rights where a class action is pending, the release must disclose the case name and

[1] Such documents do exist. *See* Ex. 1 (release agreement offered to a putative class member).

number; a summary of the basis of the class claims; contact information for plaintiffs' counsel; and a statement concerning the effect that executing the release will have on the employee's ability to participate in the class action. *Gonzalez v. Preferred Freezer Servs. LBF, LLC*, No. CV 12-03467-ODW (FMOx), 2012 U.S. Dist. LEXIS 139764, at *9-10 (C.D. Cal. Sep. 27, 2012); *see also Marino v. CACafe, Inc.*, No. 16-cv-6291 YGR, 2017 U.S. Dist. LEXIS 64947, at *6 (N.D. Cal. Apr. 28, 2017). Even when there are not "any alleged misstatements" in a separation and release agreement, the language is "inadequate to inform the putative class" and therefore misleading where the agreement fails to provide the aforementioned information. *Cnty. of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2010 U.S. Dist. LEXIS 78312, at *15-16 (N.D. Cal. July 8, 2010).

"Before a class is certified in a class action, counsel for both plaintiffs and defendants may communicate with the putative class, *ex parte*, about the lawsuit." *Marino*, 2017 U.S. Dist. LEXIS 64947, at *4 (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981)). However, "the risk of coercion and abuse [with respect to these communications] is higher in the context of an employer-employee relationship." *Kirby v. Kindred Healthcare Operating*, No. 15:10-cv-00833, 2020 U.S. Dist. LEXIS 146449, at *7 (C.D. Cal. May 1, 2020). "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties," which includes ordering curative notice. *Marino*, 2017 U.S. Dist. LEXIS 64947, at *4-5 (quoting *Gulf Oil Co.*, 452 U.S. at 100); *see* Fed. R. Civ. P. 23(d)(1) ("In conducting an action under this rule, the court may issue orders that: . . . require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members.").

## IV. ARGUMENT

TSMC's separation and release agreements fail to provide putative class members with sufficient information to make an informed decision regarding the waiver of their rights in this action and the *Yeh* action. Accordingly, TSMC should be ordered to issue curative notice to those who signed separation and release agreements on or after August 22, 2024. Likewise, TSMC should be required to revise its separation and release agreements so that they include a summary of the class claims at issue, a statement concerning the effect that signing the release will have on the putative class members' rights, contact information for Plaintiffs' counsel, and information concerning the status of the cases. TSMC should also

be ordered to provide Plaintiffs with the names and contact information of putative class members who signed the releases.

**A. <u>TSMC's Separation and Release Agreements Are Misleading As They Fail to Provide Sufficient Information For Putative Class Members to Make an Informed Decision About Waiving Their Rights.</u>**

TSMC's separation and release agreements contain four material omissions which preclude putative class members from making an informed decision about waiving their rights in this matter and the *Yeh* matter. These material omissions render the agreements "misleading." *Cnty. of Santa Clara*, 2010 U.S. Dist. LEXIS 78312, at *15 (noting that "putative class members can be misled th[r]ough omissions and failure to provide enough information"); *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *12 (emphasizing that "the governing standard" for "communications with putative class members" is that those communications "must arm them with enough information to make an '*independent, **informed** decision*'" (emphasis added)) (quoting *Kutzman v. Derrel's Mini Storage, Inc.*, 354 F. Supp. 3d 1149, 1158 (E.D. Cal. 2018)); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2014 U.S. Dist. LEXIS 61066, at *28 (N.D. Cal. May 2, 2014) (communications "mislead" where they "omit[] material information necessary [for an individual] to make an informed decision about whether to join the suit or waive the right").

First, the separation and release agreements fail to provide *any* information about the nature of class claims. The release clause does not identify the claims at issue (i.e., that the plaintiffs are pursuing discrimination claims against TSMC on the basis of race, national origin, citizenship, and sex, along with hostile work environment claims), a summary of the basis of the claims, nor details concerning the proposed classes upon whose behalf the claims are being pursued. Ex. 1 at 4; *see Cnty. of Santa Clara*, 2010 U.S. Dist. LEXIS 78312, at *15 (even where there were "not any alleged misstatements in the letter, it was inadequate to inform the putative class" because it omitted "a summary of the plaintiffs' complaint, [and] it did not even provide an explanation of the claims of the plaintiffs"); *Cheverez*, 2016 U.S. Dist. LEXIS 27818, at *12 (release "misleading" where it failed to provide "an explanation of the Plaintiffs' claims" . Further the se aration and release a reements re uire utative class members [redacted] hich is misleading. Ex. 1 at 4; *see Slavkov*, 2015 U.S.

Dist. LEXIS 149013, at *11-14 (finding requirement to not "participate" in class action "misleading and potentially harmful" as it "could potentially mislead putative class members in regards to their rights to contact Plaintiffs' counsel" and participate in the lawsuit as a witness). Nor were putative class members provided with a copy of the operative complaint in either matter, such that they have been left in the dark about what rights they are being asked to waive. *See Camp v. Alexander*, 300 F.R.D. 617, 625 (N.D. Cal. 2014) (failure to include a copy of the complaint added to misleading nature of communications); *Cnty. of Santa Clara*, 2010 U.S. Dist. LEXIS 78312, at *15 (noting that "putative class members can be misled th[r]ough omissions and failure to provide enough information, which can include the failure to append the plaintiffs' complaint to a settlement offer"); *Kutzman*, 354 F. Supp. 3d at 1159 (requiring curative notice sent to putative class members that would include a copy of the complaint).

Second, the separation and release agreements do not ex lain to utative class members the im act or effect of waivin their ri hts in these cases. *See* Ex. 1 at 4 [redacted] For example, the agreement does not explain to putative class members that if a class is certified that includes them and there is a settlement or jury award, they would potentially stand to benefit and share in that award. Nor does the a reement inform putative class members that if they [redacted] hey are waiving their right to any recovery in both cases. *See id.* The putative class members are not attorneys, and because the separation and release agreements do not contain a statement concerning the effect that executing the release will have on the employee's ability to participate in the class actions and potentially recover, they are misleading. *See Gonzalez*, 2012 U.S. Dist. LEXIS 139764, at *4 (finding "the waiver misleadingly failed to provide the potential plaintiffs with adequate notice of this case in order to make an informed decision regarding waiver of their rights" where it "did not include any information regarding this class action, except that a former employee had brought a lawsuit against [the defendant] . . . nor any information regarding the essence of the case").

Third, the separation and release agreements fail to provide the name and contact information for Plaintiffs' counsel, which represents the plaintiffs and putative classes in both cases. "An absent class member's access to putative class counsel or other representation is a critical form of protection for that

class member's rights." *Slavkov*, 2015 U.S. Dist. LEXIS 149013, at *13-14. And this omission precludes putative class members, who are not attorneys, from contacting counsel, learning more about the cases and the rights at stake (including in a "related action"), and making an informed decision as to waiver. *See Kirby*, 2020 U.S. Dist. LEXIS 146449, at *10 ("Defendants also do not include Plaintiffs' counsel's name and contact information, depriving putative class members of an opportunity to learn the other half of the story."); *Gonzalez*, 2012 U.S. Dist. LEXIS 139764, at *4 (holding that one way in which the waiver "was misleading" was the omission of "[plaintiff]'s counsel's contact information").

Fourth, the separation and release agreements fail to a raise utative class members as to the status of the cases, stating only that they are [redacted] x. 1 at 4. But "[a] non-lawyer is highly unlikely to understand what that means," and TSMC provides no further information concerning the status of discovery, deadline for Plaintiffs' Class Certification motions, etc. *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *10 (criticizing defendants for using "terms with which putative class members are probably not familiar"); *see Marino*, 2017 U.S. Dist. LEXIS 64947, at *6 (noting that the provision of "plaintiff's counsel's contact information[ and] the status of the case" are types of "information that might have permitted [putative class members] . . . to make an informed decision about the waiver of their rights"); *Kutzman*, 354 F. Supp. 3d at 1156 (faulting defendant where "[a]t no time were any of the putative class members apprised of the status of the case" during defendant's communications with them).

Courts have routinely held that failure to disclose to putative class members information concerning the claims they are releasing and the effect of that release, contact information for class counsel, and the status of the case, are material omissions and are misleading, as the communications prevented recipients from making an informed decision about waiving their rights. *See Gonzalez*, 2012 U.S. Dist. LEXIS 139764, at *3-4 (holding the "waiver misleadingly failed to provide the potential plaintiffs with adequate notice of this case in order to make an informed decision regarding waiver of their rights" where it failed to attach the Complaint, include information on the "essence of the case" or provide counsel's contact information); *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *10-12 (finding settlement agreement and accompanying letter misleading where, *inter alia*, they failed to include plaintiffs' counsel's name and contact information and provided an "incomplete" description of the

status of the case); *Cnty. of Santa Clara*, 2010 U.S. Dist. LEXIS 78312, at *15 ("While there were not any alleged misstatements in the letter, it was inadequate to inform the putative class" because it "omit[ted] a summary of the plaintiffs' complaint, [and] it did not even provide an explanation of the claims of the plaintiffs, the plaintiffs' counsel's contact information, or the current status of the case[.]"); *Cheverez*, 2016 U.S. Dist. LEXIS 27818, at *12 ("Although the Second Release notifies victims that a consolidated class action exists, it does not provide additional information, such as an explanation of the Plaintiffs' claims or the contact information for Plaintiffs' counsel.").

**B. TSMC's Material Omissions Render the Settlement and Release Agreements Misleading, Warranting Curative Notice.**

"Courts have . . . found [that agreements] procuring waiver . . . without providing adequate information about the pending class action are misleading communications which the court may limit." *O'Connor*, 2014 U.S. Dist. LEXIS 61066, at *21-22. Further, "[f]ailure to . . . provide plaintiffs' counsel's contact information, explain plaintiffs' claims, or clearly describe the status of the case are commonly regarded (in various combinations) as omissions warranting corrective action." *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *9.

Here, "[t]he [aforementioned] inadequacies and omissions combine to render Defendants' communications with putative class members misleading," warranting corrective notice. *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *11-12; *see Gonzalez*, 2012 U.S. Dist. LEXIS 139764, at *3-4 (granting motion for corrective action under Rule 23 and finding waiver "misleading" as it "did not include any information regarding th[e] class action, except that a former employee had brought a lawsuit against [defendant]" and did not provide "any information regarding the essence of the case" or "counsel's contact information"); *Camp*, 300 F.R.D. at 625 (finding "curative notice is in order" where employee letter "omit[ted] key information, such as plaintiffs' counsel's contact information and a full description of the claims"); *Slavkov*, 2015 U.S. Dist. LEXIS 149013, at *20 ("Set against the backdrop of the employer-employee relationship between Defendants and the recipients, these deficiencies create 'potential interference' with the rights of the putative class that require judicial intervention under Rule 23(d).").

The parties should therefore be ordered "to meet and confer to decide on appropriate language for the curative notice, which the parties [should then] submit to the Court for approval." *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *17; *Kutzman*, 354 F. Supp. 3d at 1159 (ordering that "the parties are to meet and confer on specific language of a reformed notice, and submit proposed language to the Court within ten days of service of this order"). The notice to putative class members should include, "Plaintiffs' counsel's firm, contact information, and [a] statement of the case," along with a copy of the operative complaints, a description of the claims at issue, the putative class definitions, the status of the cases, and a statement of the effect of releasing one's claims against TSMC. *See Kutzman*, 354 F. Supp. 3d at 1159 (requiring complaint appended to curative notice); *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *16 (requiring curative notice to include "Plaintiffs' counsel's name and contact information"). Putative class members should also be informed that their separation and release agreements with TSMC are voidable, at their election, "through the end of [any] opt-out period [in the cases], should a class be certified." *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *16-17 ("The curative notice must also indicate that any settling putative class member may void the agreement in the manner described above."); *Kutzman*, 354 F. Supp. 3d at 1159 (granting request for curative notice and "mak[ing] all settlement agreements and release of claims <u>voidable</u>, at the election of each individual putative class member"). Putative class members should further be informed that "[a]ny amount already paid pursuant to a later-voided agreement may be treated as an offset to any other recovery by the putative class member." *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *16. After the notice is approved by the Court, it should be sent by TSMC to putative class members who signed the separation and release agreements. *Kutzman*, 354 F. Supp. 3d at 1159 (holding "the Court will require Defendant to shoulder the cost of notice to all putative class members, since it is because of its actions that the Court has had to intervene"); *Kirby*, 2020 U.S. Dist. LEXIS 146449, at *17 (requiring Defendants to mail the curative notice to putative class members following the court's approval of the notice).

### C. <u>TSMC Should Be Ordered to Correct the Material Omissions in its Separation and Release Agreements and to Provide to Plaintiffs the Names and Contact Information For Putative Class Members Who Signed the Agreements.</u>

In addition, TSMC should be ordered to correct its separation and release agreements so that they contain: (1) a summary of the basis of the class claims; (2) a statement concerning the effect that

executing the release will have on the employee's ability to participate in the class actions; (3) contact information for Plaintiffs' counsel; and (4) a description of the status of the cases (to be updated as the cases progress). Putative class members who receive the revised separation and release agreements should also be provided with copies of the operative complaint in the *Howington* and *Yeh* matters.

TSMC should be further ordered to provide to Plaintiffs the names and contact information of putative class members who signed the separation and release agreements on or after August 22, 2024. *See Kirby*, 2020 U.S. Dist. LEXIS 146449, at *18-19 (ordering defendants to "to produce a list of all putative class members they have contacted regarding settlement, along with their contact information" after finding defendants' settlement agreements voidable and ordering curative notice); *Gonzalez*, 2012 U.S. Dist. LEXIS 139764, at *9-10 (granting request that defendant provide "the contact information of . . . those prospective plaintiffs" with whom defendant contacted regarding settlement); *cf. F.G. v. Coopersurgical, Inc*., No. 24-cv-01261-JST, 2024 U.S. Dist. LEXIS 90329, at *16 (N.D. Cal. May 20, 2024) (ordering defendant to "produce a list of persons with whom it ha[d] communicated regarding settlement or release" where defendant did not disclose the existence of a pending class action lawsuit).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted, the parties should be ordered to meet and confer regarding appropriate language for the curative notice, TSMC should be required to correct the material omissions in its separation and release agreements, and TSMC should be ordered to provide Plaintiffs with the name and contact information for all putative class members who signed the release agreements on or after August 22, 2024.

DATED: October 16, 2026

Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low, SBN 218387
Lindsey Grunert (*pro hac vice*)
Amanda Burns (*pro hac vice*)
**KOTCHEN & LOW LLP**
712 H Street NE, #806
Washington, DC 20002
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com
Email: dlow@kotchen.com
Email: lgrunert@kotchen.com
Email: aburns@kotchen.com

*Attorneys for Plaintiffs and the Classes*